## SWARTZBERG v. CITY OF TEMPLE.

### No. 9731.

Court of Civil Appeals of Texas. Austin.

July 7, 1948.

Naman, Howell & Boswell, of Waco, for appellant.

J. Fred Rose, of Temple, for appellee.

GRAY, Justice.

This is an appeal from an order of the county court sustaining a motion to dismiss a petition for certiorari. On October 29, 1947, appellee filed suit in the justice court of Precinct No. 1 of Bell County against appellant for delinquent taxes on personal property, and citation was served on appellant commanding him to appear November 24, 1947, at 10 o'clock a. m., on which date judgment by default for $168.75 and costs was rendered against him.

Appellant filed his amended application for certiorari, wherein he alleged injustice was done for the reasons that: No testimony was heard in support of the judgment; the justice court was without authority to enter the judgment without testimony to support the allegations of the petition; the judgment is for a larger amount than is justified by the pleadings; after service of citation appellant prepared an answer but before filing same he had a telephone conversation with appellee's counsel, whereby an agreement was made that said answer need not be filed; that upon appellant's return from New York State, which return was expected to be about the middle of December 1947, a conference would be had with a view of settling the controversy; that the rights of neither party would be prejudiced by virtue of the agreement, and if the controversy was not settled the cause would be set down for hearing on a day agreeable to both sides; the default judgment was taken without notice to appellant and in violation of the oral agreement; appellant has a meritorious defense to appellee's cause of action for the reason he did not own any property in Bell County, or any other place, January 1, 1944; on a new trial the evidence will conclusively show he did not own the property assessed, but the same was owned by another person, and the taking of the default judgment was not caused by appellant's own inexcusable neglect.

Appellee's motion to dismiss alleged appellant's petition did not show the alleged

injustice was not caused by his own inexcusable neglect, and the agreement between appellant and appellee's counsel is not alleged to be in compliance with Rule 11, Texas Rules of Civil Procedure.

■ There being no statement of facts, we must determine the questions presented from the transcript.

The citation served on appellant commanded him to appear before the justice court November 24, 1947, at 10 o'clock a.m. At this time he was required to answer the action pleaded against him, or move for a continuance or postponement of the trial, otherwise upon the case being called for trial the justice of the peace is directed by Rule 538, Texas Rules of Civil Procedure, to proceed to hear the evidence and announce judgment. (If prior to the announcement of judgment the defendant has not answered.) These steps appear to have been followed in rendering the default judgment.

In his application for certiorari appellant complains an injustice was done him as above stated, and that such injustice was not caused by his own inexcusable neglect. He pleads his neglect to appear, answer or defend the suit, but says such neglect was caused by the oral agreement made with appellee's attorney over the telephone. Rule 11, T.R.C.P., provides:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

■ The writ of certiorari to have the judgment of the justice court tried de novo is not a writ of right, but is controlled by the provisions of Rule 578, T.R.C.P., which contains the requirements of the application:

"To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect."

Accepting as true appellant's allegations for certiorari, an injustice is shown. However, the record shows the justice court had jurisdiction of the parties, the amount sued for and the amount of the judgment. It therefore had jurisdiction to render the judgment it did render.

It then remains to determine whether or not the oral agreement made by appellant with appellee's attorney, and which is not denied, is sufficient to show "such injustice was not caused by his own inexcusable neglect." Rule 11, supra, is old Rule 47 for district and county courts, and is unchanged. Oral agreements of counsel have often received attention of the courts of this State, and as early as the case of Birdwell v. Cox, 18 Tex. 535, the court, considering an alleged oral agreement for continuance, said:

"The alleged agreement not being in writing, and the counsel differing as to the existence of such agreement, the court very properly refused to grant a new trial on that ground. Agreements of counsel, respecting the disposition of causes, which are merely verbal, are very liable to be misconstrued or forgotten, and to beget misunderstandings and controversies; and hence there is great propriety in the rule which requires that all agreements of counsel respecting their causes shall be in writing, and if not, the court will not enforce them. They will then speak for themselves, and the court can judge of their import, and proceed to act upon them with safety. The rule is a salutary one, and ought to be adhered to whenever counsel disagree as to what has transpired between them."

To the same effect is the holding of the Commission of Appeals in Wyss v. Bookman, 235 S.W. 567. In Armstrong v. State, Tex.Civ.App., Eastland, 122 S.W.2d 662, 664, the court said:

"The purpose and object of the rule is to relieve the court of the necessity of determining disputes. 60 C.J., § 5, p. 41. But an oral stipulation which is not disputed is regarded obligatory, though not reduced to writing, and may be enforced."

It may be added, professional ethics would be a compelling reason for a court to require its officers to abide by their admitted oral agreements when such agree-

ments if in writing would be valid. Manowitz v. Gaenslen, Tex.Civ.App., San Antonio, 142 S.W. 963.

The oral agreement to postpone a hearing of the case in the justice court until after appellant's return from New York State was not denied by appellee. In fact, appellee so says in its brief, but contends "it is immaterial whether the agreement is true or false, admitted or denied." This contention is not in accord with the above cited opinions and cannot be sustained. The agreement caused appellant to neglect to appear or answer the cause which terminated in a judgment against him for a debt his application for certiorari says he does not owe. This neglect because of the agreement is not inexcusable.

For the reasons stated the trial court erred in refusing appellant's application for certiorari, for which reason this cause must be reversed and remanded.

Reversed and remanded.