J. T. HOUGH et ux., Appellants,

v.

Judy JOHNSON, Trustee, Appellee.

No. 11766.

Court of Civil Appeals of Texas, Austin.

July 1, 1970.

Coffee, Ritter & Goldston, Donald N. Goldston, Sneed, Vine, Wilkerson & Selman, Louis Scott Wilkerson, Austin, for appellants.

Brown, Erwin, Maroney & Barber, Will G. Barber, Robert L. Davis, Austin, for appellee.

HUGHES, Justice.

Judy Johnson, individually and as trustee under a land sale contract executed by her as purchaser and J. T. Hough and wife, Lucille Hough, as sellers, sued sellers for specific performance of such contract. The case was not tried upon its merits but judgment was rendered for plaintiff under Rule 215a(c), Texas Rules of Civil Procedure, for failure of Mr. and Mrs. Hough to appear in obedience to subpoenas about three hours after service had been obtained for the purpose of giving oral depositions for plaintiff.

We hold, under the circumstances of this case, that the Trial Judge erred in granting plaintiff judgment as by default.

The rule invoked provides:

"(c) *Failure of Party or Witness to Attend.* If a party or an officer or managing agent of a party, except for good cause shown, fails to appear before the officer who is to take his oral deposition or his answers to written interrogatories or cross-interrogatories under these rules, after proper service of subpoena, the court in which the action is pending on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or direct that such party shall not be permitted to present his grounds for relief or his defense, or enter a judgment by default against that party, or make such other order with respect thereto as may be just.

Any witness who, except for good cause shown, fails to appear before the officer who is to take his oral deposition or answers to written interrogatories or cross-interrogatories under these rules, after proper service of subpoena, may be punished as for contempt of the court in which the action is pending or of the

district court in the district in which such deposition or answers are to be taken, and an attachment may issue out of such court for such witness, as in ordinary civil cases."

The attorney representing appellants when the following described matters occurred was Mr. Brooks Holman.

Appellee's attorneys desiring to take the oral depositions of appellants made an oral agreement with Mr. Holman waiving the notice required by Rule 200, T.R.C.P. and other formalities and agreed that such depositions could be taken on Friday, October 31, 1969, at 2 P.M. at the office of appellee's attorneys. Appellants were notified of this agreement but they refused to and did not appear in accordance with such agreement. Thereafter, the respective attorneys made another oral agreement waiving the notice required by Rule 200 and agreed that the oral depositions of appellants could be taken at 2 P.M. Friday, November 7, 1969. Mr. Holman did not notify appellants of this agreement, however, he requested that subpoenas be issued for appellants to require their appearance at the agreed time and place. Accordingly, appellee made an application to the clerk of the trial court for a commission to issue for the purpose of taking appellants' oral depositions in which it was stated that "all formalities for the taking of such depositions, including but not limited to notice therefor, having been waived by defendants J. T. Hough and Lucille Hough, plaintiff hereby makes application for the immediate issuance of commissions to take such depositions." The commissions, regular in form, were issued November 4, 1969, and authorized the taking of appellants' oral depositions at 2 P.M. November 7, 1969, at appellee's attorneys' office. Subpoenas, regular in form, were issued by the Notary receiving such commissions requiring appellants to appear at the time and place and for the purpose therein indicated. These subpoenas were served on appellants at about 11 A.M. November 7, 1969, or about three hours before the time set for taking the depositions. Appellants did not appear in accordance with the subpoenas and their oral depositions were not taken.

On the hearing conducted on appellee's motion for judgment, the following stipulation was made:

"MR. DAVIS: First I would like to have a stipulation entered into the record that has been made between the attorney for J. T. Hough and myself. He has agreed to stipulate that the commission was properly issued by the District Clerk of Travis County, and that the subpoenas—that it was delivered to Mrs. Lois Sulsar, who is a notary public, and that the subpoenas were properly issued by her and that she had authority to do so.

MR. LEVY: I will agree to that.

THE COURT: Stipulation is received and entered into the record."

It was upon this record that the Trial Court imposed upon appellants the most severe punishment authorized by Rule 215a(c).

Rule 200 provides, in part, "Ten days' notice must be given in writing by the party, or his attorney, proposing to take such deposition, to the opposite party or his attorney of record. * * *"

This notice was not given and, in our opinion, it was not legally waived.

Rule 11, T.R.C.P. provides, "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

The agreement between counsel waiving notice required by Rule 200 was oral, not written and filed as required by Rule 11. It is not binding on appellants and should not be enforced. We must enforce it in order to hold that there has been a "proper service of subpoena" as used in

Rule 215a(c). As we construe this phrase it means that all prerequisites to the issuance and service of the subpoena have been complied with. Here there was lacking the mandatory notice required by Rule 200 or a valid waiver of such notice. Unless this construction of the Rule is correct then a party could suffer an adverse judgment if he failed to respond to a subpoena properly *served* even though notice had not been given or a commission issued and even though the time for appearance was insufficient to permit seeking advice of counsel.

 We are not persuaded that the stipulation of counsel, copied above, requires a different result. Whether a commission or a subpoena has been properly issued or what authority a notary public has are all matters of local law as to which a stipulation is not appropriate or binding on the judiciary.

Furthermore, on the face of the record both the Commission and the subpoenas were properly issued. The application for issuance of the commission stated that notice had been waived and the clerk very properly acted accordingly. It was not his duty to ascertain the validity of the waiver. It is only when the invalidity of the waiver of notice is shown that the commission and subpoenas become invalid, as well as the judgment which is based on their validity.

Appellee cites our decision in Swartzberg v. City of Temple, Tex.Civ.App., 212 S.W. 2d 1016, no writ (1948) as authority for enforcing an oral agreement between counsel where there was no dispute that the agreement was made.

In that case an oral agreement between counsel was made that defendant need not file an answer and if the case was not settled it would be set down for trial. In violation of this agreement a default judgment was taken for an amount more that was pleaded. We reversed the Trial Court which refused to set aside the default judg-ment. We acted there to prevent the use of Rule 11 to perpetrate a fraud. Here we enforce Rule 11 to prevent forfeiture of a basic right, the right to be heard before judgment. We believe we were right in Swartzberg. We believe we are right here. See Estate of Pewthers v. Holland Page Industries, Inc., 443 S.W.2d 392, Tex.Civ. App., Austin, writ ref. n. r. e. (1969).

The judgment of the Trial Court is reversed and this cause is remanded for trial on the merits.

Reversed and remanded.