**James A. McCLENDON, Appellant,**

v.

**FARMERS TEXAS COUNTY MUTUAL INS. CO., Appellee.**

**No. 2–84–107–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 9, 1985.

Leeper & Priddy and Timothy G. Chovanec, Fort Worth, for appellant.

McBryde & Green and John McBryde, Fort Worth, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

HUGHES, Justice.

James A. McClendon has appealed the default judgment taken against him by Farmers Texas County Mutual Insurance Company. McClendon, the plaintiff and counter defendant, has sued Farmers for refusing to pay him under an insurance policy which he alleged covered the loss of his automobile due to theft. He also alleged practices by Farmers that were in violation of TEX.INS.CODE ANN. art. 21.-21 (Vernon 1981), and TEX.BUS. & COM. CODE ANN. sec. 17.46 (Vernon Supp.1984) and which would entitle him to triple damages and attorney's fees under such codes.

We affirm.

Chronology of the cause before us reflects that:

November 30, 1983 McClendon filed his suit against Farmers.

December 14, 1983 Farmers filed its answer and counterclaim; on the same day it filed and served its notice of intent to take oral deposition of the plaintiff. (The notice directed McClendon to appear for deposition at 9:00 a.m., December 27, 1983.)

December 27, 1983 McClendon did not appear. Later, McClendon's attorney informed Farmers' attorney that McClendon would be available to be deposed on January 3, 1984.

December 30, 1983  McClendon's attorney executed a written waiver of the 10-day notice required.

January 3, 1984  Waiver was filed at 10:12 a.m. (after McClendon's attorney told Farmers' attorney that McClendon was not going to show.)

January 6, 1984  Farmers filed its motion for default judgment.

January 27, 1984  Motion was heard on January 27, 1984 and the judgment was signed.

February 27, 1984  McClendon filed motion for new trial.

April 5, 1984  It was denied.

Against this chronological background we have to consider seven points of error.

■ The first two points of error assert that the default judgment is void (1) because it is a sanction imposed for McClendon's failure to attend two invalid notice depositions and (2) the District Court does not have the authority to render such a judgment against a party plaintiff. McClendon asserts that both of the notices given on the depositions were served before Farmers' appearance day and were, therefore, invalid. Further, he avers that such notices were filed before McClendon's appearance day on the counterclaim and were also invalid for that reason.

Actually, Farmers' answer filed on December 14, some 13 days before setting of the deposition, constituted by acceleration his appearance day. TEX.R.CIV.P. 121. We hold that an "appearance day" is not required for McClendon on the counterclaim because he is not required to file an answer to same as Farmers' counterclaim arose out of the same transaction alleged in McClendon's original petition. *Trotter v. City of Wichita Falls*, 623 S.W.2d 160 (Tex.App.—Fort Worth 1981, no writ).

■ It is obvious that the waiver of the 10-day notice requirement was filed in the court papers an hour and twelve minutes after the time specified in the notice for the January 3, 1984 date for McClendon to appear and be deposed. This is urged by McClendon as ineffective because it was not filed before the time scheduled for the deposition and he cites *Hough v. Johnson*, 456 S.W.2d 775 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.) as authority therefor. The *Hough* case involved a 3-day period of notice on an oral deposition which actually entailed only three hours from service on the parties to be deposed to the time set for deposing. *Id.* at 777. In *Hough*, as in this case, there had been a previous setting for deposition, with oral waiver of the 10 days, which had been ignored by those to be deposed. *Id.* at 777. Also in *Hough* there was an oral agreement to waive the 10 days and a stipulation entered on the motion for judgment which agreed that the deposition subpoenas were properly issued by a notary public who had the authority to issue them and that the commission to take same was properly issued. No written waiver of 10 days notice was in evidence. *Id.* at 778.

The appellate court in *Hough* noted: "It was upon this record that the Trial Court imposed upon appellants the most severe punishment authorized by Rule 215a(c)." *Id.* at 777. We, likewise, are called upon in this case to pass upon the same harsh result. Here, however, there is a written waiver of the 10-day period, executed 4 days before deposition date; filed an hour and twelve minutes *after* the time set for deposing; in the possession of the attorney for Farmers when the attorney for McClendon appeared at the time and place set for the deposition with the word that his client was not going to show.

TEX.R.CIV.P. 11, upon which McClendon relies provides:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

We note that while rule 11 provides for filing of a written agreement as a prerequisite of enforcement, it does not say when it should be filed but it does provide where an oral stipulation can be made: "in open court". The first "open court" reflected in

the record before us was January 27, 1984, 24 days after the written waiver was filed. We hold that the notices with the waiver in question were valid and effective and overrule points of error one and two. In doing so, we also note that McClendon's contention of invalidity of notice was urged for the first time on his motion for new trial filed February 27, 1984.

■ Point of error three questions the authority of the District Court to render a default judgment against a party plaintiff, even when he is also a counter defendant. McClendon's argument centers on the application of five TEX.R.CIV.P. 215a(c) sanctions that may be applied against a party for failure to attend the taking of his own oral deposition. He claims that, logically, not all of the sanctions can be imposed against both parties plaintiff and parties defendant. The sanctions provided by rule 215a(c) are:

(c) Failure of Party or Witness to Attend. If a party or an officer or managing agent of a party, except for good cause shown, fails to appear before the officer who is to take his oral deposition or his answers to written questions or cross-questions under these rules, after proper service of subpoena or notice as provided in Rule 201, the court in which the action is pending on motion and notice may strike out all or any part of the pleading of that party, or dismiss the action or proceeding or any part thereof, or direct that such party shall not be permitted to present his grounds for relief or his defense, or enter a judgment by default against that party, or make such other order with respect thereto as may be just.

Any witness who, except for good cause shown, fails to appear before the officer who is to take his oral deposition or answers to written questions or cross-questions under these rules, after proper service of subpoena, may be punished as for contempt of the court in which the action is pending or of the district court in the district in which such deposition or answers are to be taken, and an attach-

ment may issue out of such court for such witness, as in ordinary civil cases.

Specifically he asserts that dismissing an action or proceeding against a defendant for failure to appear at his own deposition would be supercilious in that it would reward him for his own refusal to cooperate by actually relieving him of the suit against him.

By the same logic, McClendon reasons that a default judgment cannot be taken against a plaintiff. He states that he cannot find any reference in the Texas Rules of Civil Procedure to default judgments being allowed against plaintiffs. He also asserts his inability to find any cases wherein a default judgment was awarded against a plaintiff in Texas.

Farmers, for the most part, has cited cases from jurisdictions other than Texas where default judgments were upheld against parties plaintiff. Both parties in this case appear to take comfort in the same two Texas cases. Each contends that such cases support their respective positions.

The earliest of such cases is one where the trial court dismissed *with prejudice* the plaintiff's causes of action because his answers to interrogations were "wholly deficient in that they were signed by the attorney of record" "contrary to rule 168". Coupled with this, the plaintiff had failed to amend his pleadings as ordered by the court. It was held by the appellate court that the trial court could not, under rule 170(c), dismiss with prejudice "without any further authorization for the attachment of prejudice." The opinion further stated:

We can conceive of a situation in which the refusal on the part of the plaintiff to comply with a discovery order is sufficiently blatant and unjustified as to call for a judgment on the merits against that party. This action is indicated by the provisions of the rule *allowing a default judgment* (emphasis ours) against the disobedient party.... However, when such a judgment on the merits is undertaken, it must be clearly characterized as such. Under these circum-

stances the court is empowered to grant a take-nothing judgment against the plaintiff. Obviously, pursuant to rule 170, only the most aggravating of circumstances would warrant a default judgment on the merits."

*Phillips v. Vinson Supply Co.*, 581 S.W.2d 789, 791–92 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ).

A later case in the same year upheld a dismissal with prejudice because of the failure of the plaintiff to produce documents which were ordered produced by the trial court. *Bottinelli v. Robinson*, 594 S.W.2d 112 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Although *Lueg v. Tewell*, 572 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1978, no writ), agrees with this, two other Texas cases held that dismissal under rule 170(c) was properly construed as "without prejudice". *Texhoma Stores, Inc. v. American Central Ins. Co.*, 398 S.W.2d 344 (Tex.Civ.App.—Tyler), *writ ref'd n.r.e. per curiam*, 401 S.W.2d 593 (Tex.1966). *Bottinelli*, 594 S.W.2d at 117, also made the observation: "A default judgment can, of course, only be rendered against a defendant, while dismissal of an action or claim, on the other hand, can only be entered against a plaintiff." In the midst of these apparent contradictions we are constrained to observe that whatever else you may call it, "a rose is a rose is a rose" and that what one court construes as an outright entitlement, under rule 170(c), to a default judgment against a plaintiff, the other asserts that "even handed justice" demands a dismissal with prejudice. Semantics aside, both theories came down to judicial discretion and whether there was an abuse thereof. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649 (Tex. 1970).

In all of the cases herein cited, we note that they have one thing in common that is not in the case before us: An order of a court. In the instant case which was filed on November 30, 1983, we note that barely a month had passed before the January 6, 1984 filing by Farmers of a motion for default judgment. Moreover this was based not on the disobedience of a court order but on failure to appear to a notice of a notary public. We are not suggesting that such notices should be ignored with impunity and we certainly do not condone the cavalier attitude of McClendon in ignoring such notices in favor of winter sports. Indeed, it is his cavalier attitude and bizarre excuses (had to go skiing both deposition settings; didn't go to second setting because he thought someone was following him; did not even show for his motion for new trial), that convince us that the trial court did not abuse its discretion in applying the sanctions here in contention. We overrule points of error three and four.

■ Point of error five asserts abuse of discretion by the trial court in granting attorney's fees of $700.00 to Farmers for the reason that attorney's fees were not requested in Farmers' pleadings and proof of same was not made or was insufficient. "When issues not made by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." TEX.R.CIV.P. 67. The issue *was* tried by consent and Mr. McBryde testified to a total of nine or ten hours spent in preparation of the two depositions. We hold that the court could reasonably have found from the testimony that the $700.00 was a proper sum for attorney's fees. We overrule point of error five.

Having overruled the first five points of error, finding not enough in their sum total to warrant a finding of abuse of discretion on the part of the trial court, we overrule point of error six which asserts such an abuse.

We affirm.