Juan **GUTIERREZ**, et al., Appellants,

v.

Lawrence A. **WALSH**, Appellee.

No. 13–87–371–CV.

Court of Appeals of Texas,
Corpus Christi.

March 31, 1988.

Crisanta E. Guerra, Welch & Black, Brownsville, for appellant.

Horacio L. Barrera, Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellants contend the trial court abused its discretion by dismissing their counterclaim as a sanction for discovery abuse.

The initial suit concerned appellants' alleged failure to construct and deliver two cabinets. Appellee sued for breach of contract, conversion and requested a writ of sequestration. After the writ was granted, appellants filed a counterclaim for defamation, slander, libel, intentional infliction of emotional distress, invasion of privacy, false arrest and conversion. After appellants' counterclaim was dismissed, the appellee filed a motion for nonsuit and was assessed court costs.

No findings of fact or conclusions of law were filed but the trial court's order reflects that after a hearing the appellants' counterclaim was dismissed for the failure of the appellants to appear and give their deposition on two occasions. No statement of facts accompanies this record.

To determine if there is an abuse of discretion, we look to see if the court acted without reference to any guiding rules or principles. *Morrow v. H.E.B.*, 714 S.W.2d 297, 298 (Tex.1986); *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721. The choice of the appropriate sanctions is for the trial court and it will not be overturned unless there is a clear abuse of discretion. *Medical Protective Co. v. Glanz*, 721 S.W.2d 382, 387 (Tex.App.—Corpus Christi 1986,

writ ref'd). The appellants have failed to bring a statement of facts or findings of fact and we presume the trial court found every fact necessary to support its judgment. *Gonzales v. Conoco, Inc.*, 722 S.W.2d 247, 249 (Tex.App.—San Antonio 1986, no writ).

■ The appellants contend the trial court abused its discretion by dismissing their counterclaim because the trial court had not ordered appellants to comply with the discovery requests of the appellee. However, Tex.R.Civ.P. 215 provides that a discovering party may request the sanction of dismissal for the failure to comply with proper discovery requests without the necessity of first having obtained a court order compelling such discovery. *See also McClendon v. Farmers Texas County Mutual Insurance*, 682 S.W.2d 722 (Tex.App. —Fort Worth 1985, no writ) (default judgment for failure to attend deposition, no written order by court); *Brantley v. Etter*, 662 S.W.2d 752 (Tex.App.—San Antonio 1983, writ ref'd n.r.e., 677 S.W.2d 503 (Tex. 1984)) (default judgment for failure to attend two depositions, no written order by the court.)

■ Appellants also claim that they had a valid reason for not permitting the discovery. The reason they urged in their response to the motion for sanctions and in their brief is that the appellee was required to give them ten days notice of intent to depose and they received less time. The record does not contain a motion to postpone the depositions, any written agreements between the parties or any motion to quash the depositions. Even if this assertion was brought to the trial court's attention in a timely manner, the appellees were not required to give ten days notice, rather they were required to give reasonable notice. Tex.R.Civ.P. 200. The appellants concede that they received eight days notice for the first deposition and six days notice for the second deposition. The trial court could have found that such notice was reasonable.

The record reflects that appellants were not represented by counsel at the time of the first scheduled deposition, but counsel was retained prior to the first sanction hearing. He filed a motion in response to appellee's motion for sanctions which explained that appellants intended to comply with the discovery requests of appellee and to be available for depositions. At the hearing, the sanctions requested by appellee were "carried in hopes of reaching an agreement." Appellants dismissed their counsel three days later and were not represented by counsel for the remainder of the proceedings. At the next scheduled depositions, appellants refused to be deposed, in spite of their assurances they would act otherwise.

■ The record also shows that the appellants' resistance of discovery caused the appellee to file the following motions: motions for sanctions for failure to comply with requests for production and inspection, motion to deem facts admitted, motion for protective order, motions for sanctions for abuse of discovery, motion for sanctions for failure to answer interrogatories, motion for sanctions for failure of party to appear for depositions. The appellants filed a motion to deem facts admitted and a motion for sanctions on the basis that appellee filed excessive motions. The record also reflects that the appellants caused numerous delays by requesting a continuance, failing to show up for announcements, and being unprepared for trial.

Considering the consistent delays created by the appellants, the failure of appellants to appear at the announcement hearing, and their resistance to discovery, the court could have found that the appellants consciously disregarded the rules and acted in bad faith. The record before us contains no indication that the trial court's action was capricious, arbitrary, or unreasonable.

Appellants have not shown that the sanction of dismissal was a clear abuse of discretion. Appellants' point of error is overruled.

The judgment of the trial court is AFFIRMED.