SELLERS V. FOSTER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-061-CV

BILLY WAYNE SELLERS APPELLANT

V.

DANIEL L. FOSTER, D.O. APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

This appeal is from the trial court’s order dismissing the underlying suit for want of prosecution.  In seven issues, appellant Billy Wayne Sellers complains generally that the trial court abused its discretion by dismissing the case for want of prosecution and failing to reinstate it upon Sellers’s verified motion for reinstatement.  Although we determine that the trial court abused its discretion by failing to reinstate the case because the evidence shows that Sellers did not have notice of the October 28, 2004 dismissal hearing, because we also determine that the error is harmless, we affirm.

Background Facts

Sellers filed the underlying medical malpractice suit against appellee Daniel L. Foster, D.O. on August 29, 2003.  Foster answered on December 22, 2003.  A little over eight months later, on September 8, 2004, Foster filed a motion to dismiss the case and a motion for sanctions based on Sellers’s failure to file a timely expert report in accordance with section 13.01(d) of the Medical Liability and Insurance Improvement Act.
(footnote: 1)  The next document in the clerk’s record is a copy of a letter dated September 16, 2004, from the trial court to the parties, which states as follows:

The above styled case has been on file for nine months and is not currently set for trial.

There is a tentative dismissal date set below.  In the meantime, you have three options.

Option #1
 File with the court a mediation scheduling order which schedules the pre-mediation discovery required in your case to prepare for mediation, the mediator’s name, or the DRS, and the deadline date for mediation.  The court will expect a report on that date of the success or failure of your mediation.

Option #2
 File with the court a trial scheduling order which schedules the required discovery for your case, if any, and a trial date.  This must be approved and signed by all attorneys.

Option #3
 If you are not able to perform Option #1 or Option #2 then appear at the dismissal docket on 
October 28, 2004
 at 
10:00 a.m.
  We will help you work out a trial date and schedule.  We can also discuss any other problems which are involved in your case.

Sellers did not appear on October 28,
(footnote: 2) nor did he file a mediation or trial scheduling order before that date.  Thus, the trial court signed an order dismissing the case that same day.  

On November 19, 2004, Foster’s counsel sent a letter to the trial court coordinator forwarding “written notice of [Foster’s] withdrawal of Defendant’s Motion to Dismiss and Motion for Sanctions.”  In the letter, he stated that it was his “understanding that this matter has been fully and finally dismissed.”  That letter is file-stamped November 29, 2004. 

On November 24, 2004, Sellers’s counsel filed a verified motion for reinstatement.  In the motion, she contended that she never received the trial court’s September 16 letter, which was addressed to her and to Foster’s counsel.  She also contended that good cause existed to retain the case on the docket because Sellers has a meritorious claim.  In addition, she attached an expert report to the motion and informed the trial court that she had submitted a proposed mediation scheduling order and a proposed trial scheduling order to Foster’s counsel.  On November 30, 2004, the trial court set a hearing on the reinstatement motion for December 10, 2004.  That same day, Foster’s counsel sent a letter to the court coordinator and to Sellers’s counsel, indicating that a hearing on Foster’s motion to dismiss and for sanctions in accordance with article 4590i, section 13.01(e) was also set for December 10, 2004.
(footnote: 3)  
Tex. Rev. Civ. Stat. Ann.
 art. 4590i, § 13.01(e) (1995 version).

On December 9, 2004, Foster filed a response to the motion to reinstate, contending that Sellers could not show good cause to retain the case on the trial court’s docket because his case is not meritorious in that he failed to timely file an expert report in accordance with article 4590i, section 13.01(d).  
Id
. § 13.01(d).  Additionally, Foster filed an objection to and motion to strike the expert report attached to Sellers’s motion on the same grounds.  Sellers filed a response requesting an extension of time to file the expert report under sections 13.01(f) and (g).  
Id
. § 13.01(f), (g).

After a hearing on December 10, 2004, the trial court denied Sellers’s motion to reinstate.
(footnote: 4)  

Issues Presented

Sellers contends that the trial court abused its discretion by dismissing the case for want of prosecution and by failing to reinstate it because (1) Sellers proved that his counsel did not receive the September 16, 2004 letter or any other notice of the October 28, 2004 hearing; thus, the failure to appear at that hearing was not intentional or the result of conscious indifference (Sellers’s first through third issues), (2) Sellers was not required to show that his claim is meritorious before being entitled to reinstatement (Sellers’s fourth issue), and (3) even if the evidence supports the finding that Sellers’s counsel received the September 16, 2004 letter, the letter did not provide adequate notice that the trial court would dismiss under either rule of civil procedure 165a or the trial court’s inherent authority (Sellers’s fifth through seventh issues).  We will address Sellers’s first through fourth issues first because they are dispositive.  
See
 
Tex. R. App. P.
 47.1;
 Tex. Mut. Ins. Co. v. Surety Bank, N.A.
, 156 S.W.3d 125, 131 n.4 (Tex. App.—Fort Worth 2005, no pet.).

Whether Sellers Received Notice of the October 28 Dismissal Date

Applicable Law

When a party seeks review of a case that has been dismissed for want of prosecution and in which the trial court denied the party’s motion to reinstate, the party may challenge both the dismissal and the denial of reinstatement.  
Maida v. Fire Ins. Exch.
, 990 S.W.2d 836, 838 (Tex. App.—Fort Worth 1999, no pet.).  Reinstatement of the underlying suit is warranted if the appellate court determines that the party is entitled to prevail under either theory.  
Id
.  We review both the trial court’s dismissal and refusal to reinstate for an abuse of discretion.  
Herrera v. Rivera
, No. 08-03-00504-CV, 2005 WL 1048109, at *4 (Tex. App.—El Paso May 5, 2005, no pet.); 
Maida
, 990 S.W.2d at 839.  In reviewing a court’s refusal to reinstate, we must first look to the court’s basis for dismissal.  
Maida
, 990 S.W.2d at 839.

A trial court has authority to dismiss a case for want of prosecution under either rule 165a of the Texas Rules of Civil Procedure or the court’s inherent power to maintain and control its docket.  
See Villarreal v. San Antonio Truck & Equip.
, 994 S.W.2d 628, 630 (Tex. 1999); 
Maida
, 990 S.W.2d at 839.  A trial court may dismiss under rule 165a on the “failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice,” or when a case is “not disposed of within time standards promulgated by the Supreme Court.”  
Tex. R. Civ. P.
 165a(1)-(2); 
Villarreal
, 994 S.W.2d at 630.  In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.  
Villarreal
, 994 S.W.2d at 631; 
State v. Rotello
, 671 S.W.2d 507, 508-09 (Tex. 1984); 
Herrera
, 2005 WL 1048109, at *3.

Because the record in this case does not contain formal findings of fact or conclusions of law and the dismissal order does not specify the reason for dismissal other than to generally dismiss for “want of prosecution,” we must affirm the trial court’s judgment on any theory supported by the record.  
Dueitt v. Arrowhead Lakes Prop. Owners, Inc.
, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied); 
Maida
, 990 S.W.2d at 839.  Here, Foster concedes that the only theory of dismissal applicable to this case is under rule 165a(1), dismissal for failure to appear at the October 28, 2004 hearing.
(footnote: 5)  He contends that Sellers failed to prove that his counsel did not receive the September 16, 2004 letter giving notice of the October 28, 2004 dismissal date.

A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either rule 165a or its inherent power.  
See
 
Tex. R. Civ. P.
 165a(1); 
Villarreal,
 994 S.W.2d at 630.  The requirements of notice and a hearing are necessary to ensure that the dismissed claimant has received due process.  
Tex. Sting Ltd. v. R.B. Foods, Inc.
, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied); 
Franklin v. Sherman ISD
, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied).  A trial court may not dismiss on any ground other than those for which it gave notice of an intent to dismiss.  
Keough v. Cyrus USA, Inc.
, No. 14-04-00660-CV, 2005 WL 3435305, at *1 (Tex. App.—Houston [14th Dist.] Dec. 15, 2005, no pet. h.); 
see Villarreal
, 994 S.W.2d at 632-33.  Additionally, notice of intent to dismiss under one ground does not charge a party with notice under any other ground.  
Keough
, 2005 WL 3435305, at *1; 
see Villarreal
, 994 S.W.2d at 633.

Rule 165a(1) provides in pertinent part that “[n]otice of the court’s intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.”  
Tex. R. Civ. P.
 165a(1).  Although this rule requires the clerk to mail the notice to the parties or their attorneys, it does not require the clerk to note on the docket sheet the fact that the notice was mailed in accordance with the rule.  
Alexander v. Lynda’s Boutique
, 134 S.W.3d 845, 849 (Tex. 2004).

Evidence that the notice was placed in the United States mail with the proper address and sufficient postage creates a presumption that the notice was received.  
Southland Life Ins. Co. v. Greenwade
, 138 Tex. 450, 159 S.W.2d 854, 857 (1942); 
Texaco, Inc. v. Phan
, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.); 
Mayad v. Rizk
, 554 S.W.2d 835, 837-38 (Tex. App.—Houston [14th Dist.] 1977, writ ref’d n.r.e.)
.  But testimony that the notice was not received is enough to rebut this presumption, thus creating a fact issue to be resolved by the trial court.  
Greenwade
, 159 S.W.2d at 857-58; 
Phan
, 137 S.W.3d at 767.

Sellers contends that “[t]he undisputed evidence below was that Sellers’[s] counsel did not receive the September 16, 2004 tentative dismissal letter” and that “the record does not show that the letter was sent to Sellers’[s] counsel.”  Whether a party received notice of a trial court’s intent to dismiss is a question of fact for the trial court to determine.  
See Mayad
, 554 S.W.2d at 837-38; 
cf. Phan
, 137 S.W.3d at 768 (determining when notice of judgment received under rule 306a).  We review a trial court’s finding that the party received the notice for sufficiency of the evidence.  
See Mayad
, 554 S.W.2d at 837; 
cf. Hot Shot Messenger Serv., Inc. v. State
, 798 S.W.2d 413, 414 (Tex. App.—Austin 1990, writ denied) (applying same standards in analyzing whether party received notice of judgment under rule 306a); 
Barrett v. Mantooth
, 554 S.W.2d 799, 802 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref’d n.r.e.) (same).

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court’s judgment implies all findings of fact necessary to support it.  
Pharo v. Chambers County
, 922 S.W.2d 945, 948 (Tex. 1996).  When a reporter’s record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues.  
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 795 (Tex. 2002).  When a sufficiency issue is raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court’s findings of fact.  
Roberson v. Robinson
, 768 S.W.2d 280, 281 (Tex. 1989).  Here, Sellers appears to be challenging the legal sufficiency of the evidence to show that he received the September 16, 2004 letter.

A legal sufficiency challenge may only be sustained when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez
, 977 S.W.2d 328, 334 (Tex. 1998),
 cert. denied
, 526 U.S. 1040 (1999);
 Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)
.  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could, and disregard evidence contrary to the finding unless a reasonable factfinder could not.
  
City of Keller v. Wilson
, 
168 S.W.3d 802, 827
 (Tex. 2005).  If a party is attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, and there is no evidence to support the finding, we review all the evidence to determine whether the contrary proposition is established as a matter of law.
  Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 241 (Tex. 2001); 
Sterner v. Marathon Oil Co.
, 767 S.W.2d 686, 690 (Tex. 1989).

Applicable Facts

Here, the trial court’s judgment implies a finding that Sellers’s counsel received the September 16, 2004 letter.  Thus, we will review the sufficiency of the record to support that implied finding.

In her verified motion to reinstate the case, Sellers’s counsel stated as follows:

a. On or about November 3, 2004, [Sellers’s] attorney received an Order signed by the Court on October 28, 2004, dismissing [Sellers’s] case for want of prosecution.

b. Upon receipt of the Order dismissing [Sellers’s] cause of action, [Sellers’s] attorney immediately researched the Court’s file where she discovered the Court’s letter of September 16, 2004, setting a tentative dismissal date of October 28, 2004, unless the parties filed a mediation or trial scheduling order prior to that date.

c. [Sellers’s] attorney further immediately reviewed all of the documents contained in [Sellers’s] file, and verified that the file did not contain a copy of or a reference to the Court’s letter setting a tentative dismissal date of October 28, 2004.

d. Further, the calendar for [Sellers’s] attorney does not contain any reference to the tentative dismissal date on October 28, 2004.

e. Thus, [Sellers’s] failure to comply with the options outlined in the Court’s letter of September 16, 2004, were unintentional, and were instead due to an accident or mistake in that 
[Sellers’s] attorney did not have any knowledge of the Court’s September 16, 2004 letter until November 3, 2004, when she researched the Court’s file after receiving the Order of October 28, 2004 dismissing [Sellers’s] case for want of prosecution
.  [Emphasis added.] 

In his response to the reinstatement motion, Foster contended that the “case should not be reinstated because [Sellers’s] counsel failed to appear at the hearing for dismissal for want of prosecution, and because [Sellers] has failed to establish that he has a meritorious case.”  In the response, Foster did not attempt to rebut Sellers’s counsel’s contention that she did not receive notice of the October 28 dismissal date; instead, he focused on Sellers’s alleged failure to “establish that there is good cause to maintain this case on the docket because [Sellers] has failed to establish that this case is meritorious.”  In other words, Foster contended that Sellers should have to prove that his claim was meritorious before he was entitled to reinstatement.

At the beginning of the hearing on Sellers’s motion to reinstate, the following exchange occurred:

THE COURT:  . . . I think we’re here on a motion to reinstate; correct?

[SELLERS’S COUNSEL]:  Yes, sir.

THE COURT:  And then a motion for sanctions or –

[FOSTER’S COUNSEL]:  To dismiss for failure to file a 1301 report and for sanctions.

The trial court then heard from Sellers’s counsel, who began by telling the trial court that she assumed the parties would take up the motion to reinstate first.  She then stated as follows:

By way of history of this matter, on or about November the 3rd I received an order dismissing this case from the Court.  Immediately after I received that order I came to the Court and looked in the file to see, because I had no record or any kind of information in my office that there had been any kind of hearing or notice of a motion to dismiss or any type of notice from the Court, and at that time I discovered there was a letter that the Court had sent out dated September the 16th of 2004, and I will represent to the Court that nowhere in my files nor in our incoming log at my office did we receive that letter.  However – and I also noted on the Court’s markings on it within the file that there is some kind of notice when the order of dismissal was sent out, that it was sent to my office, but there wasn’t one on the September the 16th letter.  However, I’m not quarreling that someone very efficient in this court sent a letter, but 
it did not reach our office
.  We do not have it.  It was not on my calendar.  We also log in all incoming mail, and it wasn’t on the incoming mail log.  [Emphasis added.] 

Sellers’s counsel went on to argue that Sellers had a meritorious case and that she had submitted to Foster a proposed pretrial scheduling order and a proposed mediation order. 

Foster’s counsel began his argument by stating that the case was dismissed for want of prosecution on October 28, 2004 and that “[w]e received notice that the – we received the mail notice from the Court.”
(footnote: 6)  He went on to say that

I don’t know how [Sellers’s counsel] does things, and I certainly can’t vouch for the fact that she did or didn’t receive anything.  What I can say is that she hasn’t met the requirements to reinstate this case on the docket, and that’s, one, she must show that she has a meritorious case.  This kind of dovetails into the second matter that we’re here for, and that is my motion to dismiss and also my written objection that I filed yesterday as to the timeliness of the expert report.

Foster’s counsel then began to argue that Sellers’s case was not meritorious because “even if she were to show the accident, mistake and so forth for the hearing on dismissal for want of prosecution, she cannot now turn back the clock and timely file an expert report.” 

At that point, Sellers’s counsel interjected, stating that she had directed her comments to the motion to reinstate only.  Foster’s counsel responded that his arguments pertained to whether Sellers had a meritorious claim, reiterating that such a finding was a requirement to reinstate the case on the docket.

After Foster’s argument, Sellers’s counsel responded by contending that she was entitled to an extension of time to file the expert report under section 13.01(g) because her failure to timely file the report was due to accident or mistake rather than conscious indifference.  According to Sellers’s counsel, her legal assistant stole money from her and removed files, including Sellers’s file, from her office and computer.  Sellers’s counsel did not realize what had happened until three days before receiving Foster’s September 8, 2004 motion to dismiss for failure to file an expert report.  That same day, she called the expert to determine if he had provided her with a report. 

Sellers’s counsel further stated, 

We had a system in our office – now then, all the faxes come through to my desk, but we had a system in our office where on the last Friday of each month we have an afternoon that we close our office and we go over all the files, because I keep a pending list in addition to the file on the computer.  I had a very good legal assistant that omitted both . . . I don’t know why.” 

According to Sellers’s counsel, “The accident was absolutely because I didn’t have his case on any kind of docket, I didn’t have a file in there, there wasn’t a file on the computer, there was nothing.  It’s been recreated now, and we have located the file in the closed files, and we’ve gone forward.” 

Analysis

The only evidence regarding whether Sellers’s counsel received the trial court’s September 16, 2004 notice is that Sellers’s counsel did not receive the September 16, 2004 letter or any notice of its contents.  Sellers’s counsel stated in her sworn petition that the letter was not in the case file and that she was not aware the letter existed until after she received notice of the dismissal and searched the trial court’s file.  It is unclear whether Foster’s counsel’s statement at the hearing that “we received the mail notice from the Court” refers to the September 16, 2004 letter or to the October 28, 2004 notice that the case had been dismissed for want of prosecution.  Regardless, it is evidence only of what Foster received.  Moreover, Foster presented no evidence that the trial court’s notice had been mailed—he called no one from the trial court’s staff regarding procedures for mailing such notices; thus, no presumption of receipt arose.  
See Greenwade
, 159 S.W.2d at 857-58; 
Mayad
, 554 S.W.2d at 837-38.  Additionally, the copy of the dismissal order in the clerk’s record has a handwritten notation at the bottom with the last names of both attorneys and “11/1/04”; the Notice of Hearing for the December 10, 2004 reinstatement hearing has a handwritten notation, “mailed to [Sellers’s counsel] 11/30/04,“ on the bottom; and the copy of the order denying Sellers’s motion to reinstate has the stamp and handwritten notation “Copy mailed to [Sellers’s counsel] . . . On 12-17-04.”  There is no such notation on the trial court’s copy of its September 16, 2004 letter.

Although Sellers’s counsel indicated at the reinstatement hearing that her legal assistant had deleted items from her files and her computer, this does not show that Sellers’s counsel actually received the notice.  She testified at the hearing that she found out about what her legal assistant had done three days before she received Foster’s motion for dismissal and sanctions, which was filed on September 8, 2004.  Foster contends that Sellers’s counsel asserted only that the letter was not in her file or on her mail log and that based on Sellers’s counsel’s argument and testimony, the evidence shows that her legal assistant 
could have
 taken the letter from the file.  But Sellers’s counsel averred in the sworn petition for reinstatement that she had no knowledge of the letter, that there was no copy in the case file, that it had not been logged in on the mail log, and that the October 28 hearing date was not on her calendar.  Additionally, at the reinstatement hearing, she unequivocally stated that she had not received the letter in her office.  Moreover, by September 16, she had already discovered what her legal assistant had done and was investigating the problem.  Furthermore, the mere presence of the letter in the court’s file is no evidence that it was mailed or received.  
Moore v. King
, No. 01-95-00561-CV, 1996 WL 67951, at *3 (Tex. App.—Houston [1st Dist.] Feb. 15, 1996, no pet.) (not designated for publication).

We conclude that there is legally insufficient evidence to support the trial court’s implied finding that Sellers or his counsel received the September 16, 2004 letter from the trial court notifying Sellers that his case would be dismissed if he did not file a mediation or trial scheduling order or appear on October 28.  Thus, the trial court’s dismissal and refusal to reinstate cannot be upheld based on that implied finding.
(footnote: 7)
 Foster argues that the lack of notice was cured because Sellers received timely notice of the actual dismissal order and a hearing on his reinstatement motion.  
See, e.g.
,
 Franklin
, 53 S.W.3d at 402-03 (“Courts that have addressed this issue have uniformly held that when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment, and the dismissed party thereby receives the same hearing with the same burden of proof it would have had before the order of dismissal was signed, no harmful error is shown.”).  Here, the trial court timely held a hearing on Sellers’s reinstatement motion; however, although Sellers did have the opportunity at the hearing to explain why he did not do any of the items required in the trial court’s letter—he did not know he was supposed to do them because he never received the letter—the trial court did not thereafter give Sellers an opportunity to do any of things the letter said he could do to avoid dismissal.  Thus, Sellers did not receive “the same hearing with the same burden of proof [he] would have had before the order of dismissal was signed.”  
Id
.  Accordingly, we conclude that in this case, notice of the dismissal and a subsequent hearing on the reinstatement motion did not cure the lack of notice of the intent to dismiss.  
See Keough
, 2005 WL 3435305, at *3-4.

Whether Meritorious Claim or Defense Required When No Notice

Although we have concluded that the evidence is legally insufficient to support an implied finding that Sellers received the trial court’s September 16, 2004 letter, it appears that the trial court may not have based its ruling on an implied finding of notice.  Before denying Sellers’s motion to reinstate, the trial court stated on the record, “Well, obviously the legislature put this statute [4590i] in effect for a reason, and that is to require these medical reports be [sic] filed when they are due, so I’m going to deny your motion to reinstate.”  Thus, although the trial court did not file formal findings of fact and conclusions of law, its statement on the record shows that it may have denied Sellers’s motion because it determined that he did not have a meritorious claim.  Foster’s counsel repeatedly reminded the trial court that he was not proceeding on the motion to dismiss based on failure to file the expert report, but rather on the motion to reinstate, which he contended must be denied because Sellers could not show that he had a meritorious claim.

But a party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing need not show that he or she has a meritorious claim to be entitled to reinstatement.
(footnote: 8)  
See Thurahan
, 2003 WL 1566386, at *3 n.2.
(footnote: 9)  As the Houston Court of Appeals explained in 
Jackson
,

A meritorious defense is not a prerequisite to a successful motion to reinstate.  The parties’ confusion may stem from the Texas Supreme Court’s recent comparison of the standard of review in a motion to reinstate setting to that used in reviewing a motion to set aside a default judgment under 
Craddock v. Sunshine Bus Lines
.  In 
Smith v. Babcock & Wilcox Const. Co.
, the Texas Supreme Court stated that the operative standard in reviewing a motion to reinstate is “
essentially
 the same as that for setting aside a default judgment” as set forth in 
Craddock
.  However, in 
Babcock & Wilcox Const. Co.
, the supreme court discussed only the culpability prong of the 
Craddock
 test [whether an omission was due to accident or mistake rather than intentional or the result of conscious indifference] when analyzing Rule 165a.  Rule 165a does not require that the party seeking to reinstate the case establish a “meritorious” claim or defense, nor do we read 
Babcock & Wilcox Const. Co.
 as requiring such.

Id
. (citations omitted).  Thus, if a party whose case has been dismissed under rule 165a for failure to appear proves that he or she did not appear due to a lack of notice, there is no need for the party to also show that the claim is meritorious in order to be entitled to reinstatement.  Accordingly, we conclude that the trial court’s dismissal and refusal to reinstate cannot be upheld based on Sellers’s failure to show that he has a meritorious claim.  

We note that Foster does not argue on appeal that Sellers was required to prove that he had a meritorious claim to be entitled to reinstatement.  He instead contends that the evidence is sufficient to support the implied finding that Sellers received the trial court’s September 16, 2004 letter but that if it is not sufficient, any error by the trial court in denying the motion to reinstate is harmless because a dismissal for failure to file an expert report would have been proper in accordance with his motion to dismiss and for sanctions under article 4590i, section 13.01(d).  
Tex. Rev. Civ. Stat. Ann.
 art. 4590i, § 13.01(d) (1995 version).  Accordingly, we now turn to the harm analysis.

Whether Dismissal and Refusal to Reinstate Harmless

Failure to provide adequate notice of intent to dismiss usually requires reversal.  
Villarreal
, 994 S.W.2d at 630-31; 
Keough
, 2005 WL 3435305, at *1.  Here, however, the facts are unusual in that another motion to dismiss on separate grounds was pending when the case was dismissed for want of prosecution and at the time of the reinstatement hearing.  
See supra
 pages 3-4.  Foster contends that even if the trial court abused its discretion by dismissing the case for want of prosecution and failing to reinstate it, the error is harmless because dismissal of Sellers’s case was proper under article 4590i, section 13.01(d) and (e).  
Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 13.01(d), (e) (1995 version); 
see also
 
Tex. R. App. P.
 44.1(a).  Thus, we will address whether dismissal of Sellers’s case would have been proper for Sellers’s failure to timely file an expert report.

Applicable Law

The medical liability act was enacted by the Texas Legislature to curtail frivolous claims against physicians and related health care providers.  
See Yaquinto v. Britt
, No. 02-04-00283-CV, 2006 WL 563581, at *2 (Tex. App.—Fort Worth Mar. 9, 2006, no pet. h.);
 Hart v. Wright,
 16 S.W.3d 872, 876 (Tex. App.སྭFort Worth 2000, pet. denied); 
see also Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios
, 46 S.W.3d 873, 878 (Tex. 2001).  Under the medical liability act, a plaintiff must provide each defending physician or health care provider one or more expert reports, along with a curriculum vitae, not later than the 180th day after the date on which a health care liability action is filed or else voluntarily nonsuit the action within the same 180-day time period.  
See 
Tex. Rev. Civ. Stat. Ann.
 art. 4590i, § 13.01(d) (1995 version); 
Yaquinto
, 2006 WL 563581, at *2;
 Martinez v. Lakshmikanth
, 1 S.W.3d 144, 147 (Tex. App.སྭCorpus Christi 1999, pet. denied).  If a plaintiff fails to comply with either of these provisions and the defendant files a motion to dismiss with prejudice, a trial court has no discretion and must enter an order dismissing the case with prejudice and awarding attorney’s fees as a sanction.
 
Tex. Rev. Civ. Stat. Ann.
 art. 4590i, § 13.01(e) (1995 version); 
Yaquinto
, 2006 WL 563581, at *2; 
Martinez
, 1 S.W.3d at 148.

Here, it is undisputed that Sellers did not timely file an expert report under the statute.  He filed his original petition on August 29, 2003; thus, the report was due February 25, 2004.  Sellers did not file an expert report until November 24, 2004.  Thus, we must determine whether he was entitled to an extension under his section 13.01(f) or (g) motion for extension.
(footnote: 10)
 Former section 13.01(f) provided that “[t]he court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days.  Only one extension may be granted under this subsection.”  
Tex. Rev. Civ. Stat. Ann.
 art. 4590i, § 13.01(f) (1995 version).  A motion for an extension under section 13.01(f) filed more than 210 days after the filing date of the claim is untimely.  
Sandles v. Howerton
, 163 S.W.3d 829, 836 n.8 (Tex. App.—Dallas 2005, no pet.); 
Estrello v. Elboar
, 965 S.W.2d 754, 758 (Tex. App.—Fort Worth 1998, no pet.).  Thus, although Sellers requested a 13.01(f) extension in his reply to Foster’s response to Sellers’s reinstatement motion, the trial court could not have granted such an extension because it was untimely.

Former section 13.01(g) provided that

[n]otwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.  A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

Tex. Rev. Civ. Stat. Ann.
 art. 4590i, § 13.01(g) (1995 version).

Section 13.01(g) contains no requirement that the extension be sought before the expiration of 180 days.  
Yaquinto
, 2006 WL 563581, at *5; 
Walker v. Thornton
, 67 S.W.3d 475, 479 (Tex. App.—Texarkana 2002, no pet.).  It requires only that the request for an extension be made “before any hearing” on a motion to dismiss under section 13.01(e).  
Yaquinto
, 2006 WL 563581, at *5; 
Walker
, 67 S.W.3d at 479.  A grant of a thirty-day grace period under section 13.01(g) may occur at any time after the deadline for filing the expert report has passed and before trial so long as it is requested before a hearing on a defendant’s section 13.01(e) motion to dismiss.  
Yaquinto
, 2006 WL 563581, at *5; 
Thomas v. Healthmark Partners, L.L.C.
, 93 S.W.3d 465, 467 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  Because Sellers moved for a section 13.01(g) grace period extension 
before 
the hearing on Foster’s motion to dismiss, the trial court had discretion to consider it.  
See Yaquinto
, 2006 WL 563581, at *5;
 Walker, 
67 S.W.3d at 479.

Once a trial court determines that a motion for a grace period extension under section 13.01(g) is timely, it must decide whether the claimant’s failure to meet the deadline for filing an expert report is excused by accident or mistake and was not intentional or the result of conscious indifference.  
Yaquinto
, 2006 WL 563581, at *5; 
Pfeiffer v. Jacobs
, 29 S.W.3d 193, 198 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  The statute does not define what constitutes an intentional failure or conscious indifference; however, as with cases involving the dismissal for failure to appear under rule 165a, we use the same standard articulated in 
Craddock
.
(footnote: 11) 
See Walker v. Gutierrez
, 111 S.W.3d 56, 63 (Tex. 2003);
 Davis v. Spring Branch Med. Ctr., Inc.
, 171 S.W.3d 400, 410 (Tex. App.སྭHouston [14th Dist.]. 2005, no pet.)
; Finley v. Steenkamp, 
19 S.W.3d 533, 538-39 (Tex. App.སྭFort Worth 2000, no pet.)
.

In determining whether the failure to file adequate reports was an accident or mistake or whether it was due to intentional disregard or conscious indifference, we must look first to the knowledge and acts of the claimant.  
Gutierrez
, 111 S.W.3d at 64; 
Yaquinto
, 2006 WL 563581, at *5-6.  If the factual assertions in the claimant’s testimony are not controverted by the opposing party, the claimant satisfies his or her burden if the testimony sets forth facts that, if true, negate intentional or consciously indifferent conduct by the claimant.  
Gutierrez
, 111 S.W.3d at 64; 
Yaquinto
, 2006 WL 563581, at *6.  Thus, a trial court must grant a section 13.01(g) extension if the motion and affidavits filed by the claimant set forth facts which, if true, would negate intentional or consciously indifferent conduct.  
Yaquinto
, 2006 WL 563581, at *6; 
Finley
, 19 S.W.3d at 539.  Proof of accident or mistake negates intent or conscious indifference.  
Walker
, 67 S.W.3d at 479.  In determining if the claimant’s factual assertions are controverted, we look to all the evidence in the record.  
Gutierrez
, 111 S.W.3d at 64.

Some excuse, but not necessarily a good excuse, is enough to warrant an extension of time to file the expert report, so long as the act or omission causing the failure to file the report was, in fact, accidental.  
Yaquinto
, 2006 WL 563581, at *6; 
Walker
, 67 S.W.3d at 479.  For example, courts have found that calendering errors are sufficient to establish “mistake or accident” under 
Craddock
.  
Yaquinto
, 2006 WL 563581, at *6; 
Moore v. Sutherland
, 107 S.W.3d 786, 793 (Tex. App.—Texarkana 2003, pet. denied)
.  
Conscious indifference, on the other hand, means failing to take some action that would seem to be indicated to a person of reasonable sensibilities under similar circumstances.  
Yaquinto
, 2006 WL 563581, at *6;
 Sandles
, 163 S.W.3d at 837.
  Conscious indifference requires more than negligence.  
Walker
, 67 S.W.3d at 479.

We review the grant or denial of a section 13.01(g) grace period for an abuse of discretion.  
Gutierrez
, 111 S.W.3d at 62; 
Yaquinto
, 2006 WL 563581, at *4
.

Applicable Facts

In her reply to Foster’s response to the motion to reinstate, Sellers’s counsel averred as follows:

(2) On or about December 10, 2004, [Sellers’s] attorney received some of [Sellers’s] medical records from Dr. Crates’ office.  Subsequently, [Sellers’s] attorney contacted Dr. Crates’ office and received additional records concerning [Sellers] on or about January 8, 2004.  [Sellers’s] attorney believed that such records contained a medical report; however, ensuing circumstances intervened.

(3) [Sellers’s] attorney . . . had employed a legal assistant, who assisted her in the gathering [of] documents, deadlines and file monitoring.  Commencing in February 2004, without [Sellers’s] attorney’s knowledge, the legal assistant began fraudulently embezzling funds and otherwise altering computer files, while removing client files from the file cabinet.  Although the legal assistant was subsequently terminated from [Sellers’s] attorney’s employment, [Sellers’s] file was affected by the legal assistant’s actions.

(4) Without [Sellers’s] attorney’s knowledge, [Sellers’s] legal assistant removed several files from the regular file cabinet, and removed the information concerning those files from the computer.  During this same period of time, [Sellers] was hospitalized and underwent surgery for an unrelated ailment.

(5) In late March 2004, [Sellers’s] attorney received interrogatories from [Foster] concerning Cassandra Walker.  Upon inquiry, [Sellers’s] legal assistant advised that everything was in order in the file and that [Foster] would be amending the interrogatories.  [Sellers’s] attorney was engaged in a protracted jury trial at this time.

(6) Subsequently, in May, 2004, [Sellers’s] attorney received the amended discovery, and inquired about the file.  The file was not on the computer, and was not in the file cabinet.  However, [Sellers’s] attorney had copies of portions of the file in her “work in progress folder” and after assurances that the legal assistant knew where the file was, [Sellers’s] attorney met with [Sellers] and prepared responses to the discovery.

. . . .

(8) The policy in [Sellers’s] attorney’s office is to review all files on the 4th Friday of each month.  Because [Sellers’s] case was removed from the computer list, [Sellers’s] attorney was not aware that the file was pending.  More important the legal assistant continued to take telephone calls from various clients, including [Sellers] and omitted the calls from the call list.

(9) Ultimately, [Sellers’s] attorney learned of the embezzlement and that files were being altered and removed from the computer.  [Sellers’s] attorney immediately sought computer assistance to research the computer for deleted information.

(10) The first [Sellers’s attorney] knew that matters in [Sellers’s] case were delinquent was October 31, 2004, when [Sellers] reviewed [Foster’s] Motion to Dismiss.  [Sellers] immediately again contacted Dr. Crates, and obtained an expert report.

Although the December 10 hearing consisted mostly of argument from the attorneys, Sellers’s counsel did briefly testify.  Pertinent parts of her testimony follow:

The day opposing counsel filed their motion I immediately called them, and three days later my mother was diagnosed with a terminal illness. . . . But it did not stop me from immediately going to the . . . doctor’s office that day and doing everything I could to obtain all of the medical information and records to [the] opposing party.  Then in the middle of all that, I got the order of dismissal.  And at first when I read it, I thought that the Court had granted a dismissal without a hearing on their motion to dismiss. . . .  We had just gotten the file back about nine days before that, the whole file from our - - from the closed files. . . . I don’t know anything else I could have done except maybe, in hindsight, not allowed anyone else to open the mail in my office and log it in, and I don’t do that anymore.

. . . .

. . . At this time I had about 175 [files pending]. . . . There were several things that came up, but the bottom line is that this case was taken out of my computer and out of my file cabinet and off of my listing, and simultaneously with Mr. Sellers being hospitalized, and there was no negligence on our part.  We had been very diligently working on this file.  We received all the medical from Dr. Crates, done everything until it was suddenly moved.  And as is set out in my affidavit, when we received discovery from opposing counsel, I immediately looked in the - - what we call is our follow up list, and on the follow up list of Mr. Sellers the next thing to do was to . . . file discovery, and then immediately after that is when everything disappeared.

. . . We had a file that was missing.  I asked the legal assistant, have we done this, have we done that, what’s going on with this.  Yes, ma’am, this is all taken care of, this is, that is.  And I said let me get a copy of that report, and the next thing I know I’ve got a legal assistant who has taken a bunch of money, taken out the files and put me in an unfortunate position.

. . . .  This was my responsibility.  I should have had a system that nobody could eliminate anything from a folder, and I didn’t.  And I’ve done everything I can do to rectify it.

Analysis

Sellers’s counsel was responsible for supervising her legal assistant.  
See
 
Tex. Disciplinary R. Prof’l Conduct 
5.03, 
reprinted in
 
Tex. Gov’t Code Ann
., tit. 2, subtit. G app. A, art. 10, § 9 (Vernon 2005); 
Cunningham v. Columbia/St. David’s Healthcare Sys., L.P.
, 185 S.W.3d 7, 13 (Tex. App.—Austin 2005, no pet.) (“Because lawyers are responsible for the actions of the legal assistants that they supervise, the procedural mistakes made by a legal assistant are imputed to the supervising attorney.”).  She admitted at the reinstatement hearing that she was familiar with the requirements of the statute
(footnote: 12) and that she believed that as of January 8, 2004, about a month and a half before the expert report was due, she had given instructions for a medical report to be sent out.  Sellers’s counsel further admitted that she was responsible and that she should have had a system under which no one could eliminate documents from the file. 

In 
Copeland v. Ayers
, the appellate court declined to hold that a trial court abused its discretion in refusing to grant a 13.01(g) extension when the plaintiff’s attorney had delegated responsibility of the case and there was no evidence as to why the attorney to whom the responsibility had been delegated failed to timely file an expert report.  138 S.W.3d 652, 653 (Tex. App.—Dallas 2004, pet. denied).  
But cf. Roberts v. Med. City Dallas Hosp., Inc.
, 988 S.W.2d 398, 403-04 (Tex. App.—Texarkana 1999, pet. denied) (holding that trial court abused its discretion in denying a 13.01(g) extension when attorney originally handling file had told his secretary to file expert report, then delegated case to junior attorney, and junior attorney, after being told by opposing counsel that report had not been filed, attempted to file affidavit that did not meet statutory requirements), 
disapproved of by Gutierrez
, 111 S.W.3d at 63; 
McClure v. Landis
, 959 S.W.2d 679, 680-82 (Tex. App.—Austin 1997, pet. denied) (holding that trial court abused its discretion in denying motion for new trial because evidence that attorney instructed his legal assistant to mail expert report, but she mistakenly mailed only doctor’s cover letter to attorney, entitled plaintiff to section 13.01(g) extension).  Sellers’s counsel was aware in January that the expert report deadline was approaching, and she participated in discovery in March and May of 2004, yet she failed to confirm whether her legal assistant had ever sent the report.  Under these circumstances, we cannot conclude that the trial court abused its discretion in implicitly determining that Sellers’s failure to timely file the report was the result of conscious indifference rather than accident or mistake.  
Cf. Shook v. Gilmore & Tatge Mfg. Co.
, 951 S.W.2d 294, 298 (Tex. App.—Waco 1997, pet. denied) (affirming trial court’s dismissal for want of prosecution for failure to appear and refusal to reinstate when trial setting was on calendar of two attorneys in law firm but was not placed on calendar of attorney to whom trial was transferred and that attorney was told by legal assistant that no upcoming hearings had been set).

Because we have held that the trial court did not abuse its discretion in determining—albeit in the context of whether Sellers had a meritorious claim rather than in the context of directly addressing Foster’s motion to dismiss—that Sellers was not entitled to a 13.01(g) grace period extension, we conclude and hold that the trial court’s abuse of discretion in dismissing the case for want of prosecution and failing to reinstate it is harmless.
(footnote: 13)  We overrule Sellers’s first through fourth issues.

Conclusion

Having overruled Sellers’s dispositive issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED: May 11, 2006

FOOTNOTES
1:
See
 Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, secs. 13.01(d), (e), 1995 Tex. Gen. Laws 985, 986, 
repealed by 
Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at 
Tex. Civ. Prac. & Rem. Code Ann
. § 74.351 (Vernon Supp. 2005)).  All section references in this opinion are to the 1995 version of Texas Revised Civil Statutes article 4590i
, the medical liability act, which was in effect at the time this suit was filed and will be referred to as the “1995 version” or “former version.”

2:
A docket sheet entry shows in part “Docket DWP” for October 28 but does not indicate whether the trial court held a hearing on that day. 

3:
Although there is no document in the record in which Foster specifically revokes the withdrawal of the motion to dismiss and for sanctions, or in which he expressly reurges its submission, it is apparent that the parties and trial court understood that both the motion to reinstate and the motion to dismiss and for sanctions would be argued at the December 10 hearing. 

4:
The order does not address the motion to dismiss and for sanctions; specifically, it does not rule on Sellers’s request to extend the deadline for filing an expert report under section 13.01(f) and (g).

5:
A plain reading of the trial court’s September 16 letter shows that Sellers could have avoided dismissal by filing a mediation scheduling order or trial scheduling order before October 28, 2004, or by appearing before the trial court on October 28 so that the trial court could assist Sellers in working out a mediation or trial scheduling order.  
See Villarreal
, 994 S.W.2d at 632.  The notice does not require Sellers to show good cause for maintaining the case on the docket.  
Further, although the clerk’s record contains a fiat showing that a hearing on the motion to dismiss and for sanctions was set for October 22, 2004, there is no indication that such a hearing was ever held.  Thus, the trial court could not have dismissed for failure to appear at a hearing on the motion to dismiss and for sanctions.

6:
It is unclear whether this statement refers to the trial court’s September 16, 2004 letter or the notice that the case had been dismissed for want of prosecution, which also must be mailed to the parties.  
See
 
Tex. R. Civ. P.
 306a.

7:
Even if the evidence supports an inference that the letter was received in Sellers’s counsel’s office but intercepted and removed or deleted by the legal assistant, we do not believe that such an inference would support an implied finding that Sellers’s counsel’s failure to appear at the hearing was intentional or the result of conscious indifference due to a lack of supervision of the legal assistant.  
See
 
Jackson v. Thurahan, Inc.
, No. 14-02-00308-CV, 2003 WL 1566386, at *1-3 (Tex. App.—Houston [14th Dist.] Mar. 27, 2003, no pet.) (mem. op.) (holding that attorney reasonably explained that failure to appear at hearing was an accident or mistake—even though he had notice of the hearing—when attorney failed to calendar hearing on his trial docket).  Although she should have been aware that the trial court could dismiss the case for failure to appear at any time, 
see
 
Tex. R. Civ. P.
 165a, the case was not in violation of the supreme court or any local rule deadlines for disposition of cases, and she had no way of anticipating that the trial court would place the case on the dismissal docket on any particular date, inasmuch as the Tarrant County local rules provide that “[t]he courts will 
periodically
 give notice of their intention to dismiss for want of prosecution,”  
Tarrant (Tex.) Civ. Ct. Loc. R.
 3.90(a) (emphasis added).  Mere negligence does not amount to conscious indifference.  
Smith v. Babcock & Wilcox Constr. Co.
, 913 S.W.2d 467, 468 (Tex. 1995).

8:
The trial court’s September 16, 2004 letter did not require Sellers to show good cause to retain the case on the docket.  

9:
See Lopez v. Lopez
, 757 S.W.2d 721, 723 (Tex. 1988) (holding that party who did not receive notice of trial setting and therefore failed to appear need not prove a meritorious defense to obtain new trial);
 Rabie v. Sonitrol of Houston
, 982 S.W.2d 194, 197-98 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding that once party establishes lack of notice, it has no further responsibility to comply with 
Craddock
 requirements to receive new trial).

10:
This motion was contained in Sellers’s reply to Foster’s response to the reinstatement motion.

11:
Craddock v. Sunshine Bus Lines
, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939).

12:
A party who files suit under article 4590i is charged with knowledge of the statute and its requirements.  
Gutierrez
, 111 S.W.3d at 64.

13:
The proper disposition upon a dismissal under section 13.01(e) is a dismissal with prejudice.  
Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 13.01(e) (1995 version); 
Moseley v. Behringer, 
184 S.W.3d 829, 833 (Tex. App.—Fort Worth 2006, no pet.).  But Foster has not filed a separate notice of appeal, nor has he requested that we render a different judgment.  
See
 
Tex. R. App. P.
 25.1(c).  Because he has not done so, and a dismissal with prejudice would grant him more relief than what the trial court granted, we need only affirm the trial court’s judgment.  
See Quimby v. Tex. Dep't of Transp.
, 10 S.W.3d 778, 781 (Tex. App.—Austin 2000, pet. denied).