

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-224-CV

RAFAEL ALVARO PRIETO                                    APPELLANT

V.

ATTORNEY JIM SHAW                                       APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction and Procedural Background

In one issue, pro se appellant Rafael Alvaro Prieto contends the trial court abused its discretion by dismissing Prieto's lawsuit against appellee Attorney Jim Shaw.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Prieto sued Shaw in July 2000 alleging Shaw breached a contract and committed various acts of legal malpractice. Prieto filed his first amended petition on August 10, 2000. The record reflects Prieto took no further action to prosecute his claims against Shaw before February 28, 2008.[2] On that date, the trial court issued an order to show cause why the case should not be dismissed for want of prosecution. Prieto filed a response to the show cause order on March 24, 2008, but his response did not address why his lawsuit should not be dismissed for want of prosecution. The trial court then issued an amended show cause order in which it ordered the parties to show cause why the case should not be dismissed for want of prosecution, as frivolous inmate litigation under section 14.003 of the Texas Civil Practice and Remedies Code, or for failure to comply with section 14.004 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003(a)(2), 14.004 (Vernon 2002); Tex. R. Civ. P. 165a. Prieto filed another response, this time addressing sections 14.003 and 14.004 of the civil practice and remedies code, but again failing to address why his lawsuit should not be

_____

[2] Prieto also sued Francisco Hernandez, Jr. in July 2000. The trial court dismissed Prieto's claims against Hernandez for want of prosecution on January 8, 2002. Hernandez is not a party to this appeal.

dismissed for want of prosecution. Without specifying the grounds for its order, the trial court dismissed Prieto's lawsuit on May 2, 2008.

## II. Analysis

We review a trial court's dismissal for want of prosecution under an abuse of discretion standard. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). Merely because a trial court may decide a matter within its discretion differently than an appellate court would in similar circumstances does not demonstrate an abuse of discretion. *See id.* at 242.

When a dismissal order does not specify the ground on which it is based, we will "affirm the trial court's judgment on any theory supported by the record." *Sellers*, 199 S.W.3d at 391. Chapter fourteen of the Texas Civil Practice and Remedies Code authorizes a trial court to dismiss an inmate's lawsuit when the suit is frivolous or when the inmate fails to file an affidavit regarding his litigation history and a certified copy of his trust account

3

statement.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003, 14.004; *see also Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.) (stating an inmate's failure to follow the procedural requirements set forth in chapter fourteen of the civil practice and remedies code will result in dismissal of the inmate's suit).  A trial court also has authority to dismiss a case for want of prosecution under rule 165a of the Texas Rules of Civil Procedure or its inherent power when a plaintiff fails to prosecute his or her case with due diligence.  *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sellers*, 199 S.W.3d at 390–91.

In determining whether a party has diligently prosecuted his case, the trial court "may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay."  *Scoville v. Shaffer*, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.).  Rule 6 of the Texas Rules of Judicial Administration states that civil cases that are not disposed of within eighteen months of filing may be placed on the court's dismissal docket.  *See* Tex. R. Jud. Admin. 6, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (Vernon 2005); *see also Maida v. Fire Ins. Exch.*, 990 S.W.2d 836, 841–42 (Tex. App.—Fort Worth 1999, no pet.).

Prieto did nothing to advance his suit against Shaw for more than seven years between August 10, 2000, when he filed his first amended petition, and February 28, 2008, when the trial court issued its first show cause order. Nothing in the record reveals any facts that would support a reasonable excuse for Prieto's failure to pursue his case during this time period. Under these circumstances, we hold that the trial court did not abuse its discretion by dismissing this cause for want of prosecution. Accordingly, we overrule Prieto's sole issue and affirm the trial court's order of dismissal.

## III. Prieto's Motions for Discovery

Prieto filed with this court a "Motion for Discovery" on November 9, 2009, and a "Second Motion for Discovery" on November 23, 2009. Because we have affirmed the trial court's order of dismissal, Prieto's motions for discovery are moot. Thus, we deny Prieto's motions for discovery.

## IV. Conclusion

Having overruled Prieto's sole issue and denied Prieto's motions for discovery, we affirm the trial court's order of dismissal.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: December 17, 2009

5