

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00373-CV

———————————————

VECENTIE MORALES, Appellant

V.

CANDLEWOOD SUITES HOTELS, Appellee

---

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-330267-21

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Vecentie Morales, acting pro se, appeals from an order dismissing his invasion-of-privacy lawsuit for want of prosecution. Because Morales has failed to show that the trial court abused its discretion by dismissing his lawsuit, we affirm the trial court's order.

## I. BACKGROUND

On November 11, 2021, Morales filed suit against Candlewood Suites.[1] Alleging that hotel employees had violated his right to privacy during his August to September 2021 stay, Morales sought both actual and punitive damages.

In April and May 2022, Morales filed his first and second motions for entry of a default judgment.[2] Morales never requested a hearing on these motions, and the trial court never took any action on them.[3]

---

[1]Morales's original petition also listed "manager" and "parent company" as parties, but it did not provide their names or contact information. Morales also filed a motion to amend his petition to add a hotel employee identified only as "Ms. Jimenez" as a defendant. Based on our review of the clerk's record, it does not appear that the trial court ever took any action on the motion or that Morales ever filed an amended petition.

[2]None of the defendants, including Candlewood, has filed an answer or otherwise appeared in the lawsuit, and the record reflects that they were never properly served. A postjudgment order recites that Morales never requested any citations or attempted to serve any of the defendants. *See* Tex. R. Civ. P. 99, 107. Although Morales's petition includes a certificate of service reflecting that he mailed a copy to Candlewood on November 3, 2021, this is not a proper method of service. *See* Tex. R. Civ. P. 103, 106.

On June 10, 2022, the trial court signed an order stating that, pursuant to Texas Rule of Civil Procedure 165a and the trial court's inherent power, Morales's lawsuit would be dismissed for want of prosecution at a hearing to be held at 10:00 a.m. on July 8, 2022, unless Morales could show good cause to maintain the case on the docket. The order provided that "[a] motion and order to maintain the case on the docket must be filed prior to the day of the dismissal hearing" and included a Zoom link that Morales could use to appear remotely. On June 13, 2022, the order was emailed to Morales and mailed to his last known address: Tarrant County Jail: CID# 0979708, 100 North Lamar Street, Fort Worth, Texas 76196.[4]

On July 1, 2022, Morales filed a third motion for entry of default judgment. In this motion, Morales stated in a conclusory fashion that he "[was] prosecuting this case" and expressed that he "[did] not want [his] case dismissed for want of prosecution." But Morales never filed a motion and order to maintain his case on the docket as required by the trial court's June 10, 2022 order.

---

[3]Because Morales never properly served any of the defendants or filed any returns of service, the trial court acted within its discretion by not granting Morales's motions for a default judgment. *See Pollefeyt v. Tex. Health Res.*, No. 02-19-00260-CV, 2020 WL 1888870, at *3 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.) (citing *Gibson v. Tex. Dep't of Crim. Just.*, No. 11-17-00196-CV, 2019 WL 3333348, at *2 (Tex. App.—Eastland July 25, 2019, no pet.) (mem. op.)); *see also* Tex. R. Civ. P. 107(h), 239.

[4]This was the address Morales had used in all court filings and correspondence as of that date, including his May 10, 2022 letter enclosing his second motion for default judgment.

On July 8, 2022, the trial court proceeded with the noticed dismissal hearing via Zoom, but Morales did not appear. As a result, the trial court signed an order dismissing Morales's case for want of prosecution.

This appeal followed.[5]

## II. DISCUSSION

In a single issue, Morales argues that the trial court erred by dismissing his case for want of prosecution.[6] Morales's argument lacks merit.

---

[5]Morales filed a motion for out-of-time appeal in which he claimed that he did not receive notice of the trial court's July 10, 2022 dismissal order until September 20, 2022. We twice abated this appeal so that the trial court could consider Morales's motion and determine the date when Morales first either received notice or acquired actual knowledge that the dismissal order had been signed. *See* Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a(4), (5). After a hearing, the trial court signed an order finding that Morales first received notice or acquired actual knowledge of the signing of the dismissal order on September 20, 2022. *See* Tex. R. App. P. 4.2(c). Thus, Morales's September 27, 2022 appeal was timely. *See* Tex. R. App. P. 4.2(a)(1), 26.1.

[6]In the "Issues Presented" section of his brief, Morales lists as a second issue that the trial court erred by "not [taking] judicial notice of all the motions filed in the case by [Morales] proving [that] he is prosecuting the case." But he does not specifically address this purported second issue anywhere else in his brief. In essence, Morales's second issue—like his first—argues that the trial court erred by dismissing his case for want of prosecution because the record shows that he was diligently prosecuting his case. At most, his purported second issue is a subpart of his first issue. Thus, we will treat both of Morales's issues as a single complaint. *See Espey v. Crown Minerals Co.*, No. 09-93-053-CV, 1994 WL 503969, at *3 (Tex. App.—Beaumont Sept. 15, 1994, writ dism'd by agr.) (not designated for publication) (treating separate points of error as a single complaint); *McKinney v. Meador*, 695 S.W.2d 812, 813 (Tex. App.—Tyler 1985, writ ref'd n.r.e) (combining all of appellant's points addressing separate elements of prejudgment interest claim and treating them as one challenge to the propriety of awarding prejudgment interest).

A trial court derives its authority to dismiss a suit for want of prosecution from two independent sources: (1) Texas Rule of Civil Procedure 165a and (2) a trial court's inherent power to maintain and control its own docket. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *Sellers v. Foster*, 199 S.W.3d 385, 390 (Tex. App.—Fort Worth 2006, no pet.). Under Rule 165a, a trial court may dismiss a case based on either the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or the case's failure to be "disposed of within time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(1), (2). Independent of Rule 165a, the common law vests a trial court with the inherent power to dismiss when a plaintiff fails to prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630; *Sellers*, 199 S.W.3d at 390–91. Each of these three dismissal grounds—Rule 165a(1), Rule 165a(2), and inherent authority—provides an independent basis on which a trial court may dismiss a case for want of prosecution. *Mondragon v. Collins*, No. 02-21-00400-CV, 2022 WL 3273599, at *3 (Tex. App.—Fort Worth Aug. 11, 2022, no pet.) (mem. op.); *Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *2 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.); *Cummings v. Billman*, 634 S.W.3d 163, 168 (Tex. App.—Fort Worth 2021, no pet.) (mem. op.). We review a trial court's dismissal for want of prosecution for an abuse of discretion. *Pollefeyt*, 2020 WL 1888870, at *4 (citing *Sellers*, 199 S.W.3d at 390).

Here, Morales does not dispute that he failed to attend the July 8, 2022 dismissal hearing. Further, while he asserts that he did not receive timely notice of the signing of the dismissal order—necessitating his request for an out-of-time appeal—he does not contend that he did not timely receive the trial court's June 10, 2022 order notifying him of the dismissal hearing. Indeed, the record reflects that the June 10, 2022 order was emailed and mailed to Morales at his last known address on June 13, 2022, and because the mailing was not returned to the trial court, we may presume that Morales received it. *See Cooper v. Hall*, 489 S.W.2d 409, 412–13, 415 (Tex. App.—Amarillo 1972, writ ref'd n.r.e.) (noting the presumption of receipt that arises when the evidence shows that a letter "was properly addressed, stamped, and mailed to [the recipient] at his correct address and placed in the United States mails and not returned to [the sender] by the postal authorities"). Additionally, Morales's acknowledgement in his third motion for entry of default judgment filed July 1, 2022, that his case might be dismissed for want of prosecution supports the conclusion that he received proper notice of the dismissal hearing.

Because Morales failed to appear at the dismissal hearing despite having received notice thereof, the trial court did not abuse its discretion by dismissing his case for want of prosecution under Rule 165a(1).[7] *See Pollefeyt*, 2020 WL 1888870, at

---

[7]We note that because Morales failed to request any citations or to attempt proper service on any of the defendants, dismissal for want of prosecution pursuant to the trial court's inherent authority was also appropriate. *See Risley v. Alvarez*, No. 14-10-00015-CV, 2011 WL 397948, at *4 (Tex. App.—Houston [14th Dist.]

6

*4; *Polinard v. Medina*, No. 13-11-00403-CV, 2012 WL 2929617, at *4–5 (Tex. App.—Corpus Christi–Edinburg July 19, 2012, pet. denied) (mem. op.). Accordingly, we overrule Morales's sole issue.

### III. CONCLUSION

Having overruled Morales's sole issue, we affirm the trial court's dismissal order.

/s/ Brian Walker

Brian Walker
Justice

Delivered: November 9, 2009

---

Feb. 8, 2011, pet. denied) (mem. op.) (holding that appellant inmate's failure to procure the issuance and service of citation upon defendants for over nine months shows that appellant did not exercise diligence in prosecuting his case and that, therefore, the trial court acted within its discretion by dismissing his case for want of prosecution); *Lewis v. Dretke*, No. 2-05-187-CV, 2005 WL 2692069, at *1 (Tex. App.—Fort Worth Oct. 20, 2005, pet. transferred to Court of Criminal Appeals Apr. 7, 2006) (per curiam) (mem. op.) (concluding that trial court did not abuse its discretion by dismissing inmate's case for want of prosecution when no citation was requested and no attempts at service were made for approximately 11 months).