The ESTATE of C. W. PEWTHERS and
Truitt H. Pewthers, Independent Executor
of the Estate of C. W. Pewthers, Deceased,
Appellant,

v.

HOLLAND PAGE INDUSTRIES, INC.,
Appellee.

No. 11688.

Court of Civil Appeals of Texas.

Austin.

June 25, 1969.

Rehearing Denied July 23, 1969.

Kirchheimer & Kirchheimer, Joseph
Kirchheimer, Houston, for appellant.

Kuykendall & Kuykendall, Kirk Kuykendall, Austin, for appellee.

HUGHES, Justice.

In this case the trial court rendered a judgment by default against "the estate of C. W. Pewthers, deceased" in favor of Holland Page Industries, Inc., for the sum of $5,000.00 on a petition which prayed for a judgment for $2,500.00 and for such further relief to which plaintiff, appellee, may be entitled.

The appeal from such judgment is prosecuted by Truitt H. Pewthers, Independent Executor of the Estate of C. W. Pewthers, deceased.

We need not determine the effect of the form and amount of the judgment rendered for the reason that the default judgment cannot stand since there was an answer, timely filed, before the Court when the default judgment was taken. The facts are these:

December 3, 1965, appellee sued C. W. Pewthers and A. A. Rogers. Pewthers was served with process December 7, 1965, and filed a plea of privilege and answer subject to such plea December 27, 1965. A. A. Rogers was served with process on December 6, 1965, and he answered December 27, 1965.

The plea of privilege of C. W. Pewthers was overruled June 10, 1965.

On September 27, 1968, appellee filed a suggestion of death of C. W. Pewthers and prayed that a writ of scire facias issue to Truitt H. Pewthers, Independent Executor of the Estate of C. W. Pewthers, deceased. On September 30, 1968, the trial court entered an order directing issuance of the writ as prayed for. On October 1, 1968 an ordinary citation was issued by the clerk of the trial court directed to the Independent Executor commanding him to appear "by filing a written answer" to the petition of plaintiff. This citation was served October 17, 1968.

Motion for default judgment was filed November 14, 1968, as well as motion to non-suit as to A. A. Rogers. On the same day both motions were granted and judgment was rendered as indicated. The court, in its judgment, recited that appellant executor had filed no answer but had wholly made default.

It is our opinion that the answer of decedent inures to the benefit of his legal representative and prevented a valid judgment by default under the facts of this case. Construction of the following rules of civil procedure (Texas Rules of Civil Procedure) are involved in this conclusion.

"Rule 151. Death of Plaintiff

If the plaintiff dies, the heirs or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and suggestion be made at the first term of the court after the death of the plaintiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit discontinued."

"Rule 152. Death of Defendant

Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir."

"Rule 154. Requisites of Scire Facias

The scire facias and returns thereon, provided for in this section, shall con-

form to the requisites of citations and the returns thereon, under the provisions of these rules."

The nature of a scire facias to revive a suit because of the death of a party as distinguished from its use for other purposes was fully developed in a scholarly opinion rendered in 1846 by the Supreme Court of Texas in Boone v. Roberts, 1 Tex. 147. In that case a writ of scire facias was issued and served on the legal representative of a deceased defendant who died after issue was joined but before trial of the cause.

We quote from that opinion to show the objections raised by the administrator to the sufficiency of the scire facias proceeding and the Court's discussion relative thereto:

"That the procedure known to the common and statute laws of England, by the descriptive terms of scire facias, is an action when employed for certain purposes, and when used for other purposes, partakes of the quality of both a writ and an action, but has rather more the nature of an action, is beyond question. When sued out to repeal letters patent, or against bail on their recognizance, it is an action; when used for the purpose of reviving a judgment, on which execution has not issued for twelve months after its rendition, it possesses more of the properties of an action than a writ; and in all cases where it requires or admits of a plea, it is in law accounted to be in the nature of an action, and should then contain all the allegations and recitals of previous proceedings necessary to show the plaintiff's right, and that he is entitled to all the judgment or relief prayed for in the action. See Tidd & Sellon's Practice; 2 Wils. 251; 1 D. & E. 267.

But, although these propositions are undeniable, yet it is believed that, from an examination of our statutes on the subject of abatement of suits, it will be seen that the processes called scire facias, in those statutes, are not actions;

that it was not intended that they should be pleaded to; and that even as writs, they are employed to accomplish purposes to which they have never been applied by the common or statute laws of England; and that instead of applying to these laws for the form and substance of the writs, we should resort to our own statutes, and from the words, the context and the object, ascertain the intention of the legislature; and this, once ascertained, must govern and control the decision on the questions which have been raised.  *  *

Let us examine the provisions of our statutes to prevent abatements in suits, and ascertain if possible whether by use of the term scire facias, in our laws, it was designed that a new proceeding should be commenced, to which the party summoned might plead; or whether it was not the sole object to preserve life and animation in the old suit, by bringing in a party who should occupy the precise position of the decedent, to the time of his death and be able to urge the same grounds of prosecution and defense that the decedent could, and no other; and that the suit instead of abating might progress regularly to judgment, and the final decree be entered for or against the representative of the party deceased. The first statutory regulation on the subject is to be found in the 18th section of the act to establish the supreme court, etc., 1 Laws of Texas, p. 79; and it is there declared 'that where any person, plaintiff or defendant, in any suit pending in any court, shall be dead, it shall be lawful for the clerk of the said court, during the recess of the court upon application, to issue proper process, to enable the court to proceed to a final judgment in the names of the representatives of such deceased person.'

What may be the appropriate process is here left to the discretion of the court or the clerk. Now, in the reason of the thing, a simple citation requiring the representative of the deceased party to appear and prosecute or defend the appeal,

as the case may be, will as effectually enable the court to proceed to final judgment, for or against the representatives of the deceased person, as could be done by a technical writ of scire facias with all its formal recitals, or if even every word and syllable in the transcript was recapitulated, and the proceedings on the appeal, to the death of the party, fully stated. The object is, to continue an appeal already commenced, all the proceedings in which can be ascertained by reference to the record, and that the judgment of the court on the appeal may be rendered for and against persons actually in existence at the time being. * * *

The writ of scire facias was issued in this case prior to the passage of the late law of the legislature to regulate proceedings in the district courts, 1 Laws of Legislature, p. 383, but we will refer to this to show that from the first law respecting abatement in suits, to this period, our legislation on the subject has been uniform; that the terms of scire facias are used in a sense and for a purpose peculiar to our own laws; and that the object, in every instance, has been to make parties to the suit already instituted, and not the commencement of a new action or of any proceeding which would require or authorize a new answer or pleadings to be filed. * * * To preserve in continued existence and sustain the vitality of the suit already instituted is the exclusive object. The representative of the defendant is made a party and the suit (not a new suit, but the one already commenced) is directed to proceed against him. This being the object, the more simple the process adopted for this purpose the more would it accord with the intention of the legislature."

We recommend the reading of this opinion in its entirety.

■ While the language of the statutes and rules have undergone some changes since the Court wrote in Boone, the nature of the writ of scire facias provided for in the Rules quoted herein has not changed since that time. The purpose of these Rules is to bring in someone authorized to represent the estate of a deceased party, whether plaintiff or defendant.

Rule 154 provides that the writ of scire facias shall conform to the requisites of citations. Rule 101, T.R.C.P. prescribing the requisites of a citation does require that a defendant be commanded to "appear by filing a written answer."

■ Rule 154, and by reference, Rule 101 in our opinion, must be construed with Rules 151 and 152 in determining the proper procedures under the latter Rules, which Rules must be given controlling effect because they are specific whereas Rule 154 is general.

Rule 151 requires, under the stated circumstances, that the writ of scire facias shall issue to the administrator etc., "requiring him to appear and prosecute such suit."

Rule 152, when a defendant dies and upon suggestion of his death, the clerk shall issue a writ of scire facias to the administrator, etc., "requiring him to appear and defend the suit."

■ Neither of these Rules requires the parties to plead or replead.

It has been held that the legal representative of a deceased plaintiff who appears and prosecutes the suit will be deemed to have adopted the pleadings of his decedent. *Houston & T. C. Ry. Co. v. Buchanan,* 107 S.W. 595, Tex.Civ.App. Galveston, writ denied (1908).

If the appellant had been accorded his right to appear and defend this suit, it would certainly be held that he adopted the answer of his decedent.

■ It is our opinion that the writ of scire facias issued under the facts of this case should command the person to whom it is directed to "appear and defend" the

suit described in the writ rather than to appear by filing a written answer.

Appellee cites House v. Wells, 108 S.W. 196, Tex.Civ.App. San Antonio, writ denied (1908), and First National Bank in Dallas v. Hawn, 392 S.W.2d 377, Tex. Civ.App. Dallas, writ ref. n. r. e. (1965) in support of its counter point to the effect that the answer of the decedent did not inure to the benefit of the Executor.

The second headnote in Wells reads, "Where a defendant dies after filing an answer, and the action is then dismissed as to him, his answer is also out of the case, and forms no part of the issues." The opinion shows that this dismissal was by the plaintiff and the co-defendant. The Court held that the pleadings of decedent went out of the case with him and could not be relied upon by his co-defendant. There was no effort made to revive the suit against the representatives of decedent. The case is not in point here.

Neither is Hawn in point. There one of two defendants died and suit proceeded to judgment against the living defendant. No attempt was made to bring in the representatives of the deceased party prior to judgment. After the judgment became final the death of the defendant was suggested and a writ of scire facias was issued to his executor ordering it "to appear and defend" the suit. The Court held that the writ should be quashed since the suit was over.

We now need to determine whether, under this record, appellee was entitled to a default judgment.

Appellee admitted that no notice of any setting of this case as provided for by the Rules of the District Courts of Travis County was given to the attorney of record for or to the Independent Executor of the Estate of C. W. Pewthers, and that this case was never set for trial subsequent to the hearing on the plea of privilege in 1966.

We quote the following from Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959) which is decisive of the question under discussion:

"The record discloses that in entering the default judgment on December 9th the trial court failed to comply with the requirements of Rule 330(b), Texas Rules of Civil Procedure. That Rule provides:

'On the first Monday in each calendar month the judge of each court may, and as far as practicable shall, set for trial during the calendar month next after the month during which the setting is made, all contested cases which are requested to be set, and by agreement of the parties, or on motion of either party, or on the court's own motion with notice to the parties, the court may set any case for trial at any time so as to allow the parties reasonable time for preparation. Non-contested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.'

The transcript before the judge clearly reflected that the case was a contested one, with pleadings filed and issue joined. Rule 330(b) made it the duty of the judge on December 2nd to set the case for trial if a setting was requested, and a default judgment in favor of either of the parties was not authorized before the date on which the case was set. The record before us does not disclose a setting of the case for trial on December 9th, or that the default judgment was rendered because of the failure of respondent to appear for trial on that date. To the contrary, the record affirmatively discloses that the default judgment was rendered on December 9th, in response to a motion filed by petitioners on that date, because of the failure of respondent to appear or answer on December 2nd. The judgment was thus erroneously rendered, in violation of Rule 330(b), before the case had been set for trial.

\* \* \* If a statute had provided that all contested cases should, on appearance day, be set for trial and that no default judgment could be rendered in such a case until the day of its setting, we would not hesitate to declare void a judgment rendered in violation of the statute. That, in effect, is what Rule 330(b) provides. It is the purpose of the Rule to provide a party to a contested case with his day in court."

The Court in Freeman held the judgment void.

There being an answer on file, this was a contested case.

Appellant was served with the writ of scire facias on October 17, 1968. He had until November 11, 1968 to appear and defend. The trial court could not have complied with Rule 330(b) T.R.C.P. before the first Monday in December, 1968. The default judgment was entered before this time and was void.

Since this case must be reversed it is our duty to determine an issue which may arise on retrial. The record indicates that appellant may contend that there was an oral out of court settlement of the suit by the parties or their attorneys. Appellee contends that under the circumstances Rule 11, T.R.C.P. bars proof of this. The Rule provides, "No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

■■ We agree with appellee that any settlement agreement cannot be enforced without complying with Rule 11. See Wyss v. Bookman, 235 S.W. 567, Tex.Comm. of App. (1921) opinion by McClendon, P. J., construing district court rule from which Rule 11 was taken; McClain v. Hickey, 418 S.W.2d 588, Tex.Civ.App. Texarkana, writ ref. n. r. e. (1967). We do not agree that Rule 11 precludes proof by any admissible evidence of an accord and satisfaction, of facts giving rise to an estoppel, or of a consummated settlement. For example, if it were established that appellant had, pursuant to an oral out of court agreement, paid appellee $4,500.00 cash in full settlement of this case, Rule 11 would not bar proof of such settlement.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.