

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00228-CV

———————————————

YEOUNG JIN KIM (YEON JIN KIM) AS HEIR, REPRESENTATIVE AND/OR
EXECUTOR OF THE ESTATE OF DEOUNG H. KIM, Appellant

V.

ALBERT KIM, Appellee

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 18-7051-431

---

Before Sudderth, C.J.; Gabriel and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

The issues in this case turn on one question: whether a party must be given notice before a trial court dismisses her claims for want of prosecution or renders a default judgment against her after an answer has been filed. We hold that such notice is required. Accordingly, the trial court abused its discretion by not setting aside the default judgment in favor of Appellee Albert Kim (Plaintiff) and by not reinstating the counterclaims of Appellant Yeoung Jin Kim (alternatively spelled Yeon Jin Kim) as Heir, Representative, and/or Executor of the Estate of Deoung H. Kim. We reverse the trial court's judgment and remand this case for further proceedings.

### Background

In August 2018, Plaintiff sued Deoung H. Kim (Defendant) for claims related to the sale of a business in Flower Mound, Texas. In September 2018, Defendant filed an answer and counterclaims. On November 9, 2018, Plaintiff filed a Suggestion of Death asserting that Defendant had died the month before, on October 12, 2018.

On November 30, 2018, Plaintiff filed a "Second Amended Unopposed Motion for Scire Facias Substitution" requesting that the court clerk, in accordance with Texas Rule of Civil Procedure 152, issue scire facias ordering Substituted Defendant "to come forth and defend this lawsuit as Heir, Representative, Administrator and/or Executor" of Defendant. *See* Tex. R. Civ. P. 152. The motion stated that "Defendant's counsel [Jason Choe] has been apprised of this motion, and on November 30, 2018, stated that they 'do not oppose, but do not join in the

2

motion.' Thus, the motion is unopposed." However, the motion contained no indication that Defendant's attorney—who, by Defendant's death, no longer represented Defendant—had the authority to represent Substituted Defendant. *See Bevers v. Brodbeck*, No. 07-04-0475-CV, 2006 WL 2795347, at *3 n.6 (Tex. App.—Amarillo Sept. 29, 2006, pet. denied) (mem. op.) (noting that "death of an attorney's client terminates the attorney-client relationship, and with it the attorney's authority to appear on behalf of the client"); *see also Gurkoff v. Jersak*, No. 2-07-101-CV, 2008 WL 1700126, at *4 n.3 (Tex. App.—Fort Worth Apr. 10, 2008, no pet.) (mem. op.). The trial court granted the motion and ordered that Substituted Defendant be substituted as the defendant in the suit. It further ordered the clerk to issue citation for service to Substituted Defendant and "provide said citation to Plaintiff for service of process." *See* Tex. R. Civ. P. 154 (requiring a scire facias to conform to the rule for citations).

Plaintiff served Substituted Defendant with the scire facias on January 31, 2019, approximately three months after her husband's death. In accordance with the rules for citations, the scire facias stated,

> **Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

> **WHEREAS**, in the 431st Judicial District Court, Denton County, Texas, a suggestion of death of the defendant, Deoung H. Kim, has been

3

entered of record in the above styled and numbered cause and it appearing that Yeoung Jin Kim a/k/a Yeon Jin Kim, is the executor/executrix or administrator or heir of the estate of said decedent and said suit shall proceed against such administrator, executor/executrix or heir.

**THEREFORE**, you are required to appear by filing a written answer with the clerk of the 431st Judicial District Court, at the courthouse of Denton County, Denton TX at or before 10:00 a.m. on the first Monday following the expiration of 20 days from the date of service and defend the said suit. A copy of Plaintiff's petition and suggestion of death accompanies this citation.

*See* Tex. R. Civ. P. 99, 154. The scire facias made no mention of Defendant's counterclaims or any obligation of Substituted Defendant to appear and prosecute them to avoid their dismissal for want of prosecution.

Substituted Defendant did not file any response in the trial court. Accordingly, on March 22, 2019, Plaintiff filed "Plaintiff's Motion for Default Judgment and Motion to Dismiss Defendant's Counterclaims for Want of Prosecution." The motion stated that "[u]nder Texas Rule of Civil Procedure 239, a trial court may render a default judgment on the pleadings against a defendant who fails to answer" and requested that the trial court render a default judgment against Substituted Defendant. The motion further stated, in the only part of the motion addressing Plaintiff's right to dismissal of the counterclaims, "As the Substituted Defendant has failed to appear, Defendant's counterclaims should be dismissed for want of prosecution."

Service of the default judgment motion was made on Substituted Defendant on March 26, 2019, by leaving the motion at her place of business. On the same date, the trial court sua sponte granted the motion, dismissing the counterclaims and ordering

4

that Plaintiff recover $100,000 in actual damages; $200,000 as treble damages under the Deceptive Trade Practices Act; and attorney's fees of $17,025.63. Substituted Defendant became aware of the judgment on April 1, 2019.

Substituted Defendant then filed a motion to set aside the default judgment and to reinstate the counterclaims. The trial court denied the motion after a hearing. On Substituted Defendant's request, the trial court made findings of fact and conclusions of law, including the following conclusions:[1]

> 3. Pursuant to TEX. R. CIV. P. 152, the Court issued scire facias requiring Substitute Defendant, as administrator, executor[,] or heir of Defendant, to appear and defend the suit.

> 4. TEX. R. CIV. P. 152 is explicit in its requirement that the administrator/executor/heir must appear and defend the suit.

> 5. In granting Plaintiffs motions for default judgment and dismissal of Defendant's Counterclaims without notice of a hearing date to Substitute Defendant, no due process concerns of Substitute Defendant were implicated. Where a defendant fails and, as was the case with Substitute Defendant in this case, intentionally fails to make an appearance despite the requirement of TEX. R. CIV. P. 152 to do so, Substitute Defendant is not entitled to notice and hearing prior to the entry of a default judgment. Substitute Defendant's due process rights were not violated.

---

[1]The trial court found that Substituted Defendant did not make an appearance in the case prior to judgment and that her failure to make an appearance prior to the entry of default judgment was not the result of accident or mistake and was the result of conscious indifference. The trial court further found that "Substitute[d] Defendant proffered no good excuse for having failed to make an appearance from January 31, 2019 to April 24, 2019," impliedly finding that the recent death of Substituted Defendant's husband was not a good excuse for failing to appear prior to the trial court's March 26 rendition of judgment.

6. Substitute Defendant cited non-controlling authority in support of her argument that the answer of the original defendant inures to the benefit of the substituted defendant after scire facias. This Court does not decide this issue as it does not control the outcome of this case. Even assuming this Court were to accept Substitute Defendant's argument, this would at most mean only that the substituted defendant need not file an answer. Even assuming arguendo that Defendant's answer inured to the benefit of Substitute Defendant, this would not absolve Substitute Defendant from the requirement of making an appearance in the case, as set forth in TEX. R. CIV. P. 152. Even assuming arguendo that Defendant's answer inured to the benefit of Substitute Defendant, Defendant's appearance nonetheless did not inure to Substitute Defendant's benefit. Substitute Defendant was required to make her own separate appearance in the case following service of the citation for scire facias, and failed to do so.

7. "No-answer" default judgments are generally not proper after the defendant has made an appearance, but in this case Substitute Defendant made no appearance prior to the entry of default judgment and entry of a "no-answer" default judgment was, therefore, proper. Where a Defendant has answered, but later dies before judgment, and a citation for scire facias is issued and subsequently served on a Substitute Defendant, failure of the Substitute Defendant to make an appearance in the case in a timely manner as prescribed by law and TEX. R. CIV. P. 152 permits the Court to issue what is commonly referred to as a "no-answer" default judgment. Alternatively, and as a separate and independent basis for the Court's judgment, the Court concludes that it had the inherent power to grant default judgment under the facts of this particular case.

8. For these reasons, the Court denies Substitute Defendant's Motion to Set Aside Default Judgment and for New Trial.

9. TEX. R. CIV. P. 151 controls the situation arising from the death of a plaintiff and states that ". . . after service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have suit the dismissed."

10. As the Defendant raised counterclaims, Defendant is also properly characterized as a Counter-Plaintiff. TEX. R. CIV. P. 151, thus, applies to Counter-Plaintiffs claims, e.g., his counter-claims.

6

11. As this Court has held that Substitute Defendant failed to timely make an appearance, the Counter-Defendant (Plaintiff Albert Kim) may have the Counter-Plaintiff's suit (counterclaims) dismissed pursuant to TEX. R. CIV. P. 151.

12. The Court, thus, holds that it was proper to dismiss the counterclaims in this action due to Substitute Defendant's failure to comply with TEX. R. CIV. P. 151. Alternatively, and as a separate and independent basis for the Court's judgment, the Court concludes that it had the inherent power to dismiss the counterclaims under the facts of this particular case.

13. Accordingly, the Court denies Substitute Defendant's Motion to Reinstate the Counterclaims.

Substituted Defendant now appeals.

## Standard of Review

We review for abuse of discretion a trial court's refusal to set aside a default judgment and a trial court's dismissal for want of prosecution and denial of a motion to reinstate. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Anambra State Cmty. in Houston, Inc. (ANASCO) v. Ulasi*, No. 14-16-01001-CV, 2018 WL 1611644, at *1 (Tex. App.—Houston [14th Dist.] Apr. 3, 2018, no pet.) (mem. op.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004), or if it fails to analyze the law correctly or misapplies the law to established facts. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018); *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). A trial court's erroneous

7

legal conclusion, even in an unsettled area of law, is an abuse of discretion. *In re United Scaffolding, Inc.*, 301 S.W.3d 661, 663 (Tex. 2010) (orig. proceeding).

**Discussion**

**I.    The trial court's grant of default judgment was improper, and the court abused its discretion by refusing to set it aside.**

In her first issue, Substituted Defendant challenges whether the trial court's findings of facts are legally and factually supported by the record and whether its conclusions of law are proper legal analysis given (1) "the entirety of all the circumstances," (2) "the limited underlying record of evidence," (3) "the [t]rial [c]ourt's erroneous determination that it granted a no[-]answer default judgment when it granted default judgment post-answer," and (4) "the fact that [Substituted Defendant]'s claims were [dismissed for want of prosecution] and [Kim] was given [d]efault [j]udgment without notice to Appellant." In her second issue, she asserts that "the [t]rial [c]ourt erred, abused its discretion, and/or violated United States and/or Texas law—including the 14th Amendment [r]ight to [d]ue [p]rocess of [l]aw" by granting Plaintiff's motion for post-answer default judgment despite Substituted Defendant's (1) not being provided any notice of pending default, (2) not receiving the motion until the day the trial court granted the default, (3) not being ordered to "appear" by the trial court, and (4) satisfying the *Craddock* factors. We address together her second issue and the part of her first issue related to the default judgment.

8

A suggestion of death of a defendant notifies a trial court that the party has died. *Hegwer v. Edwards*, 527 S.W.3d 337, 339 (Tex. App.—Dallas 2017, no pet.). "The legal consequence of that notice is a jurisdictional defect"—the deceased party "is beyond the power of the trial court[,] and the case cannot proceed until jurisdiction is acquired over the legal representative of the deceased by service of scire facias." *Id.* Texas Rule of Civil Procedure 152 provides the mechanism for bringing the deceased's legal representative into the suit:

> Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir.

Tex. R. Civ. P. 152.

A scire facias issued under Rule 152 does not begin a new action,[2] but rather "is 'a process in the nature of an ordinary citation to an action previously instituted.'" *Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 911 n.9 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Clark v. Turner*, 505 S.W.2d 941, 945 (Tex. App.—Amarillo 1974, no writ)). The legal representative substituted as defendant in the action stands in the shoes of the deceased defendant, and as such, if

---

[2]For a history of Texas's use of scire facias for this purpose, *see Boone v. Roberts*, 1 Tex. 147, 157–58 (1846) and *Chaffin v. Wm. J. Lemp Brewing Co.*, 248 S.W. 715, 717–18 (Tex. App.—El Paso 1923, no writ); *see also John E. Quarles Co. v. Lee*, 58 S.W.2d 77, 79 (Tex. [Comm'n Op.] 1933).

9

a deceased defendant had filed an answer in the case, that answer inures to the benefit of the substituted defendant, and the substituted defendant need not file another. *Id.*; *Gripon's Estate v. Bostick*, 610 S.W.2d 541, 542 (Tex. App.—Houston [1st Dist.] 1980, no writ); *Clark*, 505 S.W.2d at 945; *Pewther's Estate v. Holland Page Indus., Inc.*, 443 S.W.2d 392, 393, 395–96 (Tex. App.—Austin 1969, writ ref'd n.r.e.) (stating that the deceased's answer inures to the benefit of a defendant substituted by scire facias and that as such, the writ of scire facias issued for the defendant's representative "should command the person to whom it is directed to 'appear and defend' the suit described in the writ rather than to appear by filing a written answer"); *see also Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 394 n.2 (Tex. 1993) (Gonzalez, J., concurring). Because an answer is on file, a trial court may not grant a no-answer default judgment, even if the substituted defendant does not file a separate answer or otherwise make an appearance. *See Pewther's Estate*, 443 S.W.2d at 393, 396; *see also Maxx Builders, LLC v. Story*, No. 01-15-00850-CV, 2016 WL 3544495, at *2 (Tex. App.—Houston [1st Dist.] June 28, 2016, no pet.) (mem. op.) (providing that a trial court cannot render a no-answer default judgment against a defendant who has filed an answer).

Here, the trial court concluded that Rule 152 authorizes a no-answer default judgment on the basis that Substituted Defendant had not made an appearance of some sort. The trial court's conclusion was erroneous. Rule 152 does not mention default judgments, and under long-established law, the trial court could not properly grant a no-answer default judgment. *See Pewther's Estate*, 443 S.W.2d at 396; *see also*

10

*Estate of Pollack*, 858 S.W.2d at 394 (Gonzalez, J., concurring) (stating that "[i]f the deceased's legal representatives fail to file new pleadings, they are deemed to have adopted the pleadings filed by and on behalf of the deceased" and that because there was an answer on file in the case, "the trial court should not have rendered a default judgment" against the deceased's estate); *Gillespie v. Thomas*, No. 05-99-00168-CV, 2000 WL 62289, at *1 (Tex. App.—Dallas Jan. 26, 2000, no pet.) (not designated for publication) (holding that the trial court erred by entering a default judgment on the basis that defendant substituted by scire facias had not filed a separate answer).

We point out, however, that although the trial court characterized the judgment rendered as a no-answer default judgment, because an answer was on file, the trial court rendered "what is in effect a post-answer default judgment." *See Estate of Pollack*, 858 S.W.2d at 395 (Gonzalez, J., concurring). "Judgment after a post-answer default 'cannot be entered on the pleadings, but, rather, a plaintiff must offer evidence and prove his case as in a judgment on trial,'" and "[b]efore entering a post-answer default judgment, the trial court must hold a hearing on the plaintiff's evidence, and the defendant must be given notice of the hearing." *Maxx Builders*, 2016 WL 3544495, at *2. "A party that has filed an answer is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the United States Constitution." *Tunad Enters., Inc. v. Palma*, No. 05-17-00208-CV, 2018 WL 3134891, at *4 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.) (citing *In re K.M.L.*, 443 S.W.3d 101, 118–19 (Tex. 2014) and *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–

11

91 (Tex. 1989) (per curiam)). Substituted Defendant had no notice before the trial court granted the post-answer default judgment, and the default judgment therefore should not have been granted. *See id.*; *see also Maxx Builders*, 2016 WL 3544495, at *2; *In re K.B.A.*, 145 S.W.3d 685, 692 (Tex. App.—Forth Worth 2004, no pet.) (stating that when a party received no notice of the trial setting at which a post-answer default judgment was granted, the party is entitled to a new trial); *Gripon's Estate*, 610 S.W.2d at 541–42 (reversing default judgment rendered after substitution of defendant by scire facias).

Plaintiff attempts to distinguish several cases relied on by Substituted Defendant in her brief and in the trial court. He argues that *Pewther's Estate* does not control because it was based on a now-repealed rule of civil procedure and on a disapproved case that relied on the same rule.[3] Part of *Pewther's Estate* rests on the repealed rule of civil procedure relating to trial settings, but the opinion's statements about the adoption of previously-filed pleadings by a legal representative does not.

Plaintiff "does not dispute that, once a scire facias defendant appears in a case, the deceased defendant's answer inures to her benefit." However, citing *Pewther's Estate* and *Hegwar*, he asserts that a substituted defendant must make an appearance before the deceased defendant's answer works to prevent a no-answer default

---

[3]Plaintiff notes that the part of the cited case that was later disapproved by the Texas Supreme Court is not the part relied on by the *Pewther's Estate* court, but he argues—without explaining why—that the disapproval is "nonetheless informative."

12

judgment. *See Pewther's Estate*, 443 S.W.2d at 395 ("If the appellant had been accorded his right to appear and defend this suit, it would certainly be held that he adopted the answer of his decedent."). We disagree. In *Pewther's Estate*, the opinion indicates that the default judgment was granted before the defendant's legal representative made an appearance, and the court of appeals stated that "the default judgment cannot stand since there was an answer, timely filed, before the [trial court] when the default judgment was taken" and that "the answer of the decedent inures to the benefit of his legal represented and prevented a valid judgment by default under the facts of this case." *Id.* at 393. The part of *Hegwar* cited by Plaintiff addressed whether the filing of the suggestion of death for a defendant by the deceased defendant's legal representative can be interpreted as a general appearance. *Hegwer*, 527 S.W.3d at 340. The court of appeals held that the suggestion of death is not a general appearance. The court pointed out that under Rule 152, when a suggestion of death has been filed, the court must issue a scire facias requiring the legal representative to appear on behalf of the deceased defendant—an unnecessary act if the filing of the suggestion of death itself constituted an appearance. Neither case stands for the proposition asserted by Plaintiff.

Plaintiff argues that a no-answer default judgment was proper because "[t]he command to appear and defend cannot reasonably be read as a command to do nothing." He further asks us to graft words onto Rule 152, arguing that because Rule 151, the rule governing the substitution of a plaintiff by scire facias, allows for the

13

dismissal of a deceased plaintiff's claims when the deceased plaintiff's legal representative fails to make an appearance within the time provided in the scire facias, "it stands to reason that [Plaintiff] should likewise be able to obtain a default judgment against [Substituted Defendant] due to her failure to appear after receiving service of scire facias." Although we decline Plaintiff's invitation to add words to Rule 152, we do not hold that Plaintiff was prohibited by the law related to scire facias from obtaining a default judgment. However, because an answer was on file, in order to take a default judgment, Plaintiff had to comply with the requirements for post-answer default.

In summary, a legal representative substituted under Rule 152 for a deceased defendant stands in the shoes of the deceased. Thus, if the deceased defendant filed an answer before his or her death, the plaintiff is not entitled to a no-answer default judgment. Rule 152 does not prohibit the taking of a post-answer default judgment, but the law requires notice and an opportunity to be heard before the trial court may grant a post-answer default judgment. No notice or hearing was provided here, the granting of the default judgment was improper, and the trial court abused its discretion by denying Substituted Defendant's motion for new trial. We sustain Substituted Defendant's second issue and the part of her first issue addressing the default judgment.

## II. Rule 151 did not permit the dismissal of the counterclaims without notice.

In her third and final issue, Substituted Defendant challenges whether "the [t]rial [c]ourt erred, abused its discretion, and/or violated United States and/or Texas law—including the 14th Amendment [r]ight to [d]ue [p]rocess of [l]aw"—by granting Plaintiff's motion for dismissal for want of prosecution. The trial court concluded that its dismissal of the counterclaims without notice was proper under both Rule 151 and the court's inherent authority. Rule 151 provides,

> If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and suggestion be made within a reasonable time after the death of the plaintiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided, the defendant may have the suit dismissed.

Tex. R. Civ. P. 151.

Substituted Defendant points out that Plaintiff's dismissal motion did not assert any basis for having the counterclaims dismissed, stating only that "[a]s the Substituted Defendant has failed to appear, Defendant's counterclaims should be dismissed for want of prosecution." She asserts that the trial court could only have dismissed her counterclaims under its inherent authority or Rule of Civil Procedure 165a and that either basis required notice. Construing her argument to assert that Rule

15

151 does not provide any procedure for dismissing a plaintiff's claims and that the law governing dismissal of plaintiff's claims requires notice and a hearing,[4] we agree. Rule 151 does not set out a specific procedure or rules that must be followed when seeking dismissal of a plaintiff's claims when the deceased plaintiff's legal representative has been served with scire facias but has not appeared and prosecuted the plaintiff's claims. However, every person is entitled to the constitutional protection of due process, and a fundamental requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S. Ct. 1187, 1190 (1965) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct., 652, 657, (1950)); *see also Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988); *Trans-State Pavers, Inc. v. Haynes*, 808 S.W.2d 727, 735 (Tex. App.—Beaumont 1991, writ denied); *Barton v. Pac. Emp. Indem. Co.*, 532 S.W.2d 128, 131 (Tex. App.—Corpus Christi 1975, writ ref'd n.r.e.) (Nye, J., concurring) (noting that every person is entitled to due process of law and there cannot be due process without proper notice).

---

[4]Plaintiff argues that "[a] Rule 151 dismissal is not technically a dismissal for want of prosecution—at least not as that term i[s] used in the case law." However, Plaintiff specifically requested that the trial court grant a dismissal of the counterclaims for want of prosecution. If Plaintiff does not consider a dismissal under Rule 151 to be one for want of prosecution, then Plaintiff's motion cannot be construed as seeking dismissal under Rule 151.

Due process thus requires notice before a plaintiff's claims are dismissed in a final judgment, *Armstrong*, 380 U.S. at 550, 85 S. Ct. at 1190; *Smith v. McKee*, 145 S.W.3d 299, 302 (Tex. App.—Fort Worth 2004, no pet.), and a trial court "may not dismiss on any ground other than those for which it gave notice of an intent to dismiss." *Sellers v. Foster*, 199 S.W.3d 385, 391 (Tex. App.—Fort Worth 2006, no pet.). Neither Rule 151 nor a trial court's inherent powers authorizes a trial court to deprive a litigant of due process.

The scire facias issued here complied with the rules for citations and informed Substituted Defendant that she had been sued and could face a *default judgment* if she did not *defend* the claims against her. It said nothing about the counterclaims and did not inform her that the claims could be dismissed under either Rule 151 or the trial court's inherent power if she failed to appear and prosecute them. *See id.* She therefore never received any notice that she needed to take action to prevent dismissal of the counterclaims. Consequently, the dismissal deprived Substituted Defendant of due process.

Plaintiff argues that Rule 151 does not require notice before dismissal because "notice of the need to 'enter appearance' has already been provided when the deceased plaintiff's administrator, executor, or heir was served with the writ of scire facias." However, as we note, the scire facias did not inform Substituted Defendant of the need to appear to prevent dismissal of the counterclaims or that the trial court was considering dismissing her claims for want of prosecution.

17

Our holding here is narrowly applied to the particular facts of this case and the application of the civil procedure rules to those facts. Rule 151 states that if a plaintiff dies, then at the defendant's request, the clerk must issue a scire facias for the deceased plaintiff's legal representative "requiring him [or her] *to appear and prosecute such suit.*" Tex. R. Civ. P. 151 (emphasis added). The defendant may have the suit dismissed if the legal representative fails to appear within the time provided after service of "such scire facias"—that is, after the scire facias requiring the legal representative to "appear and prosecute" the suit. *Id.* Notwithstanding the language of Rule 151, however, Rule 154 states, "The scire facias and returns thereon, provided for in this section, shall conform to the requisites of citations and the returns thereon, under the provisions of these rules," with no separate requirements for substituting plaintiffs and defendants. Tex. R. Civ. P. 154. The rule governing citations requires a citation to contain a specific notice *to the defendant*, including notice that the defendant must appear by a specific date or face default. Tex. R. Civ. P. 99(c). The rule does not require a citation to contain any notice to a plaintiff requiring the plaintiff to appear and prosecute his or her claims. Thus, a scire facias that conforms strictly to the requisites of Rule 99, as Rule 154 indicates it should, does not direct a plaintiff's legal representative to appear and prosecute the suit, as Rule 151 says it should. The record does not disclose what the district clerk of Denton County usually includes in a scire facias issued to a deceased plaintiff's legal representative. What we do know is that the scire facias here, in conformity with Texas Civil Procedure Rule 99 and Rule 154, did

18

not notify Substituted Defendant that she had an obligation to appear and prosecute the counterclaims within a specified time.

We need not and do not decide exactly what the contents of a scire facias issued under Rule 151 must include, whether one must strictly conform to Rule 99 (and inform a substituted *plaintiff* they he or she has been sued and must appear and *defend*), or whether a clerk should modify the language when substituting a plaintiff. However, we do hold that before a defendant may seek dismissal under Rule 151, the substituted plaintiff—like any other plaintiff—must have notice that her claims will be dismissed if she fails to appear and prosecute the deceased plaintiff's claims. There was no such notice here.

As we noted above, parties substituted by scire facias stand in the shoes of those they replace. *Estate of Pollack*, 858 S.W.2d at 390 n.2 ("Logically, the revived action is merely a continuation of the original action, and the substituted party stands in the same shoes as the original party, whatever that may have been."). We therefore assume for purposes of this opinion that the scire facias issued was sufficient to substitute Substituted Defendant as both defendant and counter-plaintiff, even though the scire facias issued by the clerk did not warn Substituted Defendant that she must prosecute that counterclaims, Plaintiff's motion for scire facias did not request that scire facias issue to substitute her as counter-plaintiff, and the trial court's order on substitution stated only that she had been substituted as a defendant. However, even if the scire facias was not sufficient to substitute Substituted

Defendant as counter-plaintiff, our result would be the same[5] because in that case Plaintiff could not seek dismissal of the counterclaims under Rule 151, and the dismissal could only be upheld if it was proper under the trial court's inherent authority. We have already held that it was not. Because Substituted Defendant was entitled to notice of the trial court's intent to dismiss her counterclaims, but she received none, the trial court's dismissal of her claims deprived her of due process.

Generally, "[t]he failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Courts of appeals, however, have held that in some cases due process concerns are obviated if the trial court holds a hearing on the plaintiff's motion to reinstate at which "the dismissed party . . . receives the same hearing with the same burden of proof it would have had before the order of

---

[5]Of course, if the scire facias did not replace Substituted Defendant as the counter-plaintiff, that situation would raise the interesting question of to whom notice of the trial court's intent to dismiss should have been given: the original counter-plaintiff is deceased, the deceased counter-plaintiff's attorney therefore no longer represents the original counter-plaintiff, and no legal representative has been substituted. *But see Gracey v. West*, 422 S.W.2d 913, 914–15 (Tex. 1968) (noting that the trial court provided notice of its intent to dismiss by placing the case on its dismissal docket, which warned that the cases listed on the docket would be dismissed on a certain date "unless written motion stating good reasons why same should remain on the docket" was filed by a week before the dismissal date, and the docket was posted in various public places in the courthouse and given to the Daily Court Review for publication). That question, however, is not before us. Notice is required before trial court renders judgment dismissing a plaintiff's claims, and none was provided.

dismissal was signed." *Sellers*, 199 S.W.3d at 396; *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 403 (Tex. App.—Dallas 2001, pet. denied).

Here, though, the reinstatement hearing did not cure the due process violation. The order dismissing Substituted Defendant's counterclaims said merely that the claims had been dismissed "for want of prosecution" and did not provide notice of the trial court's belief that Rule 151 allowed it to dismiss the counterclaims without notice. The issue was raised, however, at the reinstatement hearing, with the trial court declaring that if dismissal is permitted under Rule 151, "*it really doesn't matter if there was notice or not*. If she was served with the citation and failed to answer, at least as to her counterclaims, Rule 151 would allow their dismissal. . . ." [Emphasis added.] The trial court's conclusion about the rule was incorrect; even under Rule 151, a trial court must provide notice of intent to dismiss.[6] If the trial court based its dismissal on this conclusion, the dismissal was based on an incorrect conclusion of law and cannot stand. *In re United Scaffolding*, 301 S.W.3d at 663 (stating that an erroneous legal conclusion is an abuse of discretion). Further, while the Plaintiff acknowledged in discussing the default judgment that a trial court has inherent authority to render a default judgment—thus raising the idea of the trial court's inherent power—at no point in the hearing did the trial court state that it had dismissed Substituted

---

[6]The trial court's conclusions of law do not discuss notice with respect to the dismissal of the counterclaims. If the trial court based its dismissal on a finding that Substituted Defendant had notice, no evidence supports that finding.

Defendant's counterclaims under its inherent authority. Thus, Substituted Defendant did not have the opportunity to address this ground at the hearing, and she did not receive "'the same hearing with the same burden of proof [she] would have had before the order of dismissal was signed.'"[7] *Sellers*, 199 S.W.3d at 396 (quoting *Franklin*, 53 S.W.3d at 403). Because the trial court's dismissal under Rule 151 was based on an erroneous conclusion of law or on a finding with no support in the record, and because Substituted Defendant did not receive notice that the trial court would dismiss her counterclaims under its inherent authority and had no opportunity to argue against that basis, the notice of the dismissal and the subsequent hearing on Substituted Defendant's reinstatement motion did not cure the lack of notice of the trial court's intent to dismiss. *See id.*; *see also Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 90 (Tex. App.—Fort Worth 2002, pet. dism'd). We sustain Substituted Defendant's third issue and the part of her first issue addressing the dismissal for want of prosecution.

## Conclusion

Having sustained Substituted Defendant's three issues, we reverse the trial court's judgment granting default judgment and dismissing the counterclaims for want

---

[7]At the hearing, Substituted Defendant did argue (correctly) that Rule 165a requires notice before dismissing claims for want of prosecution, but the trial court's findings of fact and conclusions of law do not indicate that it dismissed the claims on that basis. *See Sellers*, 199 S.W.3d at 390 (stating in reviewing a trial court's refusal to reinstate, "we must first look to the court's basis for dismissal").

of prosecution, order the counterclaims reinstated, and remand this case for further proceedings consistent with this opinion.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  August 27, 2020